I. H. Wells and Agnes Wells, Appellees, v. Nathan M. Stone Company, Appellant.

Gen. No. 35,073.

Opinion filed January 20, 1932. Rehearing denied February 1, 1932.

WETTEN, PEGLER & DALE, for appellant.

FRANKLIN RABER, for appellees.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an action brought by the plaintiffs against the defendant for rent, use and occupation of certain premises for the months of December, 1928, and January, 1929, and for the cost of removing debris, which, it is alleged, the defendant allowed to remain on the premises after its vacation thereof.

The cause came on for trial before the court. By agreement a jury was waived, and after evidence was heard, the court found for the plaintiffs in the sum of $1,235.17, and entered judgment for that amount, from which the defendant appeals.

The declaration consists of five counts, and in substance alleges that the plaintiffs and the defendant entered into a lease for the premises at 2000 North Major avenue, Chicago, Illinois; that on the night of December 3, 1928, the premises were rendered untenantable as the result of a fire; that the plaintiffs terminated the lease, and that the defendant is liable for rents for use and occupation, and for the expense of removing the defendant's rubbish which he permitted to remain upon the premises.

To this declaration the defendant filed a plea of the general issue and a plea of set-off; and also an affidavit of merits, in which affidavit it is stated that the premises were destroyed by fire on the 3rd day of December, 1928, and that the plaintiffs failed to make repairs in 30 days, and that the defendant vacated the premises on the 31st day of January, 1929; that the defendant received no notice of the plaintiffs' election to terminate the lease, nor did the defendant receive any notice to vacate the premises until after the expiration of 30 days; that the defendant did vacate on the 31st day of January, 1929, and remove

all machinery, rubbish, debris and broken material belonging to the defendant and left the premises in good condition, as provided for in the lease; and further that the plaintiffs covenanted to furnish the defendant electricity at cost, and that the plaintiffs violated said covenant and charged excessive rates. To the pleas the plaintiffs filed replications.

It appears that on January 21, 1919, one Francelia Judkins and I. H. Wells leased to the defendant a two-story building on the northwest corner of Armitage and Major avenues in Chicago, to be occupied for the manufacture of metal specialties and advertising novelties for the term from May 1, 1919, to April 30, 1929, at a monthly rental of $291.66, due on the first of each and every month in advance.

On March 22, 1921, the said Francelia Judkins by warranty deed conveyed to the plaintiffs, I. H. Wells and Agnes Wells, her undivided one-half interest in the premises, and the defendant thereafter attorned to the plaintiffs.

In the early evening of December 3, 1928, a fire occurred, causing the roof of the building, except a small space over the office, to collapse, so that the building was open to the elements, seriously damaging the walls and other parts of the structure, and destroying almost the entire contents of the building. The defendant company manufactured merchandise novelties, calendars, greeting cards, picture frames and mirrors, and occupied the premises from May 1, 1919, to January 31, 1929. At the time of the fire the building contained a large number of machines, a large quantity of glass in boxes and a large number of calendars in drawers, several tons of cardboard and 25,000 to 30,000 feet of picture frame molding.

The defendant removed all the machinery, and material which could be used again, to a new building. After February 1, 1929, the plaintiffs removed the remaining debris and began to rebuild in April of that same year.

The lease executed by the parties contained the following important clauses:

"Upon the termination of this lease in any way, the lessee will yield up said premises to the party of the first part in good condition and repair, loss by fire and ordinary wear excepted."

"In case said premises shall be rendered un-tenantable by fire or other casualty, the lessor may at his option terminate this lease or repair said premises within 30 days, or failing so to do or upon the destruction of said premises by fire, the term hereby created shall cease and determine."

On July 26, 1929, the plaintiffs sent a bill to the defendant for the sum of $1,235.17, covering the amount claimed to be due them from the defendant for rent for the premises for the use and occupation thereof for the months of December, 1928, and January, 1929, and for the cost of the removal of defendant's rubbish left on the premises. Afterwards, Nathan M. Stone, of the defendant company, promised payment of the bill.

The defendant relies largely upon the following errors in the record for reversal:

(1) Finding for the plaintiffs for the amount of rent alleged to be due under a lease which provides that the plaintiff shall rebuild and restore improvements on the premises in question occupied by the defendant, 30 days after destruction by fire and rendered untenantable, which restoration the plaintiffs failed to make and thereby relieved the defendant from the obligation to pay rent;

(2) The court refused to consider the evidence of the defendant of a new agreement between the defendant and the plaintiffs, whereby the plaintiffs agreed to allow defendant to occupy the premises rent free after the fire, in order to remove its property if the defendant pay $250 of the cost of removing the debris;

(3) Where fire destroys a portion of the premises and renders the premises untenantable the burden of removing the debris falls upon the plaintiffs.

As to point one, the lease in this case provided that the defendant was to pay a monthly rental of $291.66, due on the first of each month in advance, and that the rental for the month of December, 1928, was to become due on the first of that month. The premises on December 3, 1928, were destroyed by fire and thereby became untenantable. Under a provision of the lease the plaintiffs had 30 days after the date of the fire to make repairs. During that time the lease remained in full force and effect and the defendant was not relieved from its liability for the rent then due and owing.

The plaintiffs contend that the defendant is liable for the January rent, for the reason that nothing passed between the parties with reference to the tenancy until the early part of January, 1929, when the plaintiff Wells and the president of the defendant company had a conversation, and by mutual agreement of the parties, terminated the lease, and the lease still being in force, the defendant is liable for the January rent in the amount fixed by the terms of the lease. The plaintiffs' contention is answered by the lease itself, which provides that upon failure of the plaintiffs to make repairs within 30 days after destruction of said premises by fire, the term agreed upon in the lease shall cease. The lease being at an end, according to its terms, the defendant is liable for use and occupation during its occupancy of the premises. In the instant case there is no evidence as to the reasonable value for the use and occupation of the premises in its then condition, but the plaintiffs suggest that the value may be determined from the lease itself, although the term is terminated, and cite cases in support of this contention. These cases are not in point in that the premises were occupied by the parties in the same condition as when leased, while in the case

before us the premises in the lease are described as a two-story building located at the northeast corner of Armitage and Major avenues, which building was destroyed by fire; and thereafter the premises were occupied by the defendant in a changed condition, which would require evidence of the reasonable value for the use and occupation by the defendant. The absence of such evidence in the record therefore requires a reversal of the judgment.

The second point of the defendant is to the effect that the court failed to consider evidence of a new agreement entered into between the parties after the termination of the lease. This agreement is not made a part of the defendant's affidavit of merits as a defense, and having failed to make it a part, such defense is waived. *Reddig v. Looney,* 208 Ill. App. 413. As such evidence was not admissible, it was properly excluded. Although the court gave as a ground that a lease under seal could not be varied by parol agreement of the parties, under the pleadings in this case the exclusion of the evidence was proper.

The third point of the defendant is that it was the duty of the plaintiffs to remove the debris as a result of the fire. This is made an issue by the defendant's affidavit of merits, wherein it is stated that the defendant did remove all machinery, rubbish, debris and broken materials belonging to the defendant and left the premises in good condition, as provided for in the lease. This defense was offered by the defendant, the trial court necessarily passed upon it, and the finding of the court for the plaintiffs is amply supported by the evidence.

It will not be necessary to pass upon other objections made by the defendant.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

FRIEND and WILSON, JJ., concur.