Raymond T. Mitchell, Appellee, v. A. V. Tyler, Appellant.

Gen. No. 44,413.

Opinion filed July 2, 1948. Released for publication July 13, 1948.

COHEN & WEISS, of Chicago, for appellant; MARVIN PATRICK COHEN, of Chicago, of counsel.

KONSTANT J. SAVICKUS and HENRY W. KENOE, both of Chicago, for appellees; RAPHAEL FINE, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a petition in the nature of a writ of *audita querela,* (*Nelson v. Berry,* 330 Ill. App. 244) seeking

the permanent stay of a writ of restitution in a forcible
entry and detainer suit. The court denied the relief
prayed and the defendant has appealed.

Plaintiff made a motion to dismiss the appeal in this
court and the motion was taken with the case. During
the oral argument, plaintiff with leave of court, with-
drew the motion.

■ Plaintiff neither answered defendant's petition
nor moved to strike or dismiss it. The facts alleged
are admitted. October 2, 1946, plaintiff had judgment
against defendant in the forcible detainer action. De-
fendant appealed to this court. While the appeal was
pending on August 29, 1947, plaintiff served a 60 day
notice upon defendant of termination of ''your ten-
ancy.'' On November 19, 1947 this court affirmed the
judgment for plaintiff in the forcible detainer case.
On November 24, 1947, the petition herein was filed.

We think the essential question is whether the notice
of August 29, 1947 waived the previous notice given
before the forcible detainer action was begun.

In 120 A. L. R. page 570, it is said the authorities
are ''practically evenly'' divided on the question
whether a second notice, to quit, waives a previous
notice. Under this statement *Dockrill v. Schenk*, 37
Ill. App. 44, is cited as one of the cases holding that
the second notice waives the first. *Jones v. Ritter, et
al.*, 206 Ill. App. 487 is cited under the same statement
as one of the cases holding that the second notice does
not constitute a waiver of the first. Both cases are
cited by the parties to this proceeding. Defendant
says the distinction between them which makes the
*Dockrill case* applicable and the *Jones case* inapplica-
ble is that in the former the two notices sought to ter-
minate the tenancy on different dates and that in the
latter both notices were for the same date. That is
not the real distinction. Under the second notice in
the *Dockrill case* plaintiff demanded the payment of
accrued rent. In the *Jones case* the court said the

lessee was in nowise misled by the second notice and that it was only precautionary to protect the lessor should the first notice be held insufficient.

It is our view that the defendant in the instant case could not have been misled by the August 1947 notice. The appeal was still pending in this court. Defendant must have known it was not plaintiff's intention to abandon the appeal. Defendant should have known that the plaintiff was merely employing an expedient to save time should the appeal be in defendant's favor. *Ewing v. O'Malley*, 82 S. W. (Mo.) 1087.

We see no merit to defendant's contention that he did not receive a fair and impartial hearing because the plaintiff neither answered nor moved to strike. There was no reason to answer since the facts were admitted. The record does not show defendant objected to the court's consideration of the legal question in the absence of a motion to strike. We presume, therefore, that the defendant was agreeable to the procedure followed. We shall not, therefore, consider the contention.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

BURKE, P. J., and LEWE, J., concur.