Jean Brown, Plaintiff-Appellee, v. Frank Lyons, Defendant-Appellant.

Gen. No. 46,174.

Opinion filed March 23, 1954. Released for publication June 2, 1954.

LEONARD J. BRAVER, of Chicago, for appellant.

COHON & GOLDSTEIN, and WEXLER & WEXLER, all of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by the defendant in a forcible detainer suit. Both parties claim possession as lessees. Jury was waived and upon the trial the issues were found in favor of plaintiff and judgment was rendered accordingly. Plaintiff claims possession pursuant to a lease entered into January 23, 1952 for a term commencing February 1, 1952 and expiring April 30, 1955. Defendant took possession January 1, 1953 pursuant to a lease dated December 16, 1952 made to him by the lessor without notice to plaintiff. Defendant claims

that the lease to plaintiff had terminated September 5, 1952, when a fire made the building untenantable. Work was not commenced to repair the building until late in November 1952, more than sixty days after the fire, and was not completed until some time in December 1952. The lease to plaintiff contained a clause providing that if the premises were rendered untenantable by fire, lessor at his option could terminate the lease or repair the building within sixty days and in the event it was not repaired within that time, the lease should cease and determine.

On the day of the fire, plaintiff had a conversation with lessor, in which the lessor said he would repair the damages as soon as he could. Thereafter, plaintiff saw the lessor from time to time and was told by him that he was working on it and would have it repaired as soon as possible. Other conversations occurred in which the lessor gave plaintiff to understand that she was to continue as lessee, and on November 24, 1952, the lessor wrote her a letter in part as follows:

"As you probably know, the above described premises are now undergoing repairs and remodeling, and you, as lessee, are advised that we believe the premises will be ready for occupancy by the 10th day of December 1952.

"So that the remodeling may be done without delay we call upon you to immediately remove the furniture and equipment from against the walls so as not to hamper the plasterers."

On the strength of these commitments by lessor, plaintiff entered into a contract for the purchase of new fixtures, paid $1,000 thereon, and agreed to pay an additional $3,393.92 in installments, of which lessor was advised. Plaintiff, herself, was at the premises every day from September until November and then engaged

a man to sleep on the premises, which he did for about two weeks in November.

■ The man who was employed by plaintiff to install new fixtures testified that he met lessor in front of the premises about December 1, 1952, and told him he desired to see plaintiff with respect to the general layout of fixtures, and lessor obligingly directed him to the place where plaintiff lived. A copy of the conditional sales contract, whereby plaintiff contracted for the new fixtures at a price of $4,393.92, showing a down payment of $1,000, balance payable in monthly installments, was put in evidence. There is some contradiction of plaintiff's testimony, but as it is amply corroborated both by documents and other evidence, we must accept the trial court's finding in her favor. In *Jorn v. Tallett,* 341 Ill. App. 240, the court quoted with approval the eloquent language of the Supreme Court of Missouri in *Creamer v. Bivert,* 214 Mo. 473, 113 S. W. 1118, describing the advantages which a trial court has over and against a reviewing court in weighing testimony.

■ Defendant contends that the lease automatically expired within 60 days after the fire and could not be revived. The authority cited therefor is *Stylist, Inc. v. O'Connor & Goldberg,* 323 Ill. App. 288. There, a clause in the lease was substantially similar to the one in this case. However, so far as appears from the opinion in that case, there was no claim of understanding between the parties for a continuance of the tenancy, such as was here shown, and the tenant relied upon its right to elect whether the lease should terminate or not. This, of course, was an unreasonable interpretation. In *Wells v. Nathan M. Stone Co.,* 264 Ill. App. 326, there was likewise no proof of an understanding, such as exists in the instant case, with respect to a continuance of the lease.

■ It is urged by defendant that the plaintiff abandoned the premises. The evidence, particularly the contract for installation of new equipment, is ample to support the court's finding to the contrary.

■ In the letter of November 24, wherein lessor made clear that he considered plaintiff was still the lessee, he also made certain demands which defendant says were not complied with. One related to the payment of rent for the period from July 1 to September 5, 1952, amounting to $216.66, "said payment to be made by December 1, 1952." Plaintiff testified that she met the lessor and that he agreed to go along with her so far as the rental payment was concerned, that is, to waive the requirement as to time. In this same conversation she told lessor that she was buying new fixtures and had made a down payment on them. Lessor told her that the place would be finished by December 10th and then again, about the middle of December, he told her to go down to the Commonwealth Edison Company and apply for electricity. This constituted a waiver of the demand that the rent be paid by December 1.

■ Lessor made a demand that plaintiff should provide him with a certificate of insurance covering both dramshop and plate-glass insurance, prior to the occupancy of the store, and asserts she has not complied. Plaintiff testified that when she first went into possession of the premises in January 1952, she furnished lessor with a certificate covering dramshop insurance. She was not able to get a certificate covering plate-glass insurance because a window was broken at the time she moved in and remained cracked until the time of the fire. New insurance could not be obtained prior to the occupancy of the store by plaintiff, and as plaintiff was prevented from taking occupancy by lessor's leasing the premises to the defendant and putting him in possession, lessor cannot complain of plaintiff's failure to comply with those provisions of his demand.

■

■ It appears to us that plaintiff had continuous possession of the premises, except insofar as lessor took them over for the purpose of repair; that this was by the common understanding of the parties that plaintiff would continue as lessee notwithstanding the provisions of the fire clauses; and in view of that understanding, the relationship of lessor and lessee continued and plaintiff is entitled to possession of the premises.

*Judgment affirmed.*

ROBSON, J., concurs.
TUOHY, J., took no part.