(Nos. 46217, 46218 cons.—

NORTON KENT CLORE *et al.*, Appellants, v. HARRY FREDMAN *et al.*, Appellees.—HARRY FREDMAN, Appellee, v. NORTON KENT CLORE *et al.*, Appellants.

*Opinion filed Sept. 27, 1974.—Rehearing denied Nov. 26, 1974.*

No. 46217.—Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Peoria County; the Hon. Albert Pucci, Judge, presiding.

No. 46218.—Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Peoria County; the Hon. Espey C. Williamson, Judge, presiding.

Whitney D. Hardy, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellants Norton Kent Clore *et al.*

Herbert I. Fredman, of Peoria, for appellee Harry Fredman.

Jack B. Teplitz, Emmett W. Lally, James M. Tomlin, David L. Thomas, and Jeffrey J. Estes, of Peoria, for appellees City of Peoria and the Director of the Department of Environmental Development of the City of Peoria.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In August of 1972, the appellants, Norton and Kathy Clore, filed a "class action" for themselves and all tenants in their apartment building against their landlord, Harry Fredman, the City of Peoria, and the Director of Environmental Development of the City of Peoria, seeking declaratory and injunctive relief to prevent their landlord from evicting them and to require him to repair his rental property to meet minimum requirements of the Peoria Housing Code. Shortly thereafter Fredman filed a forcible entry and detainer action against the Clores. A request by the Clores for consolidation of the two cases was denied. The trial court granted Fredman's motions for summary judgment in his forcible entry action and for dismissal of the complaint in the class action. Summary judgment was also granted to the City and its Director of Environmental Development. The Appellate Court for the Third District affirmed the judgments in both actions. (*Fredman v. Clore,* 13 Ill. App. 3d 903, and *Clore v. Fredman,* 13 Ill. App. 3d 913.) We granted the Clores' petitions for leave to appeal and consolidated the cases for decision.

On November 15, 1971, the Clores entered into an oral agreement to rent on a month-to-month basis one of several apartments in a building owned by Harry Fredman. They allege that pursuant to their complaints the Peoria

Department of Environmental Development inspected the apartment and the building and found numerous violations of the Peoria Housing Code, including improper wiring, falling plaster, peeling paint, a leaking roof and inadequate heat. These inspections were made in February, May, and August of 1972, and Fredman was notified of the violations and ordered to correct them. The Clores also alleged that Fredman was aware of some of these defects when they rented the apartment and had promised to correct them.

On June 13, 1972, the Clores, pursuant to section 16—113.5 of the Peoria Housing Code, began paying rent to the Director of the Department of Environmental Development. Section 16—113.5 provided that a tenant directly affected by a violation of the housing code could pay rents into an escrow account with the consent of the Director until such time as the violations were corrected. According to the sworn affidavit of the Director, Fredman was notified on June 13, 1972, that all future rental payments on the Clore apartment would be held in escrow until certain violations were remedied. Rental payments due in the months of June and July were paid by the Clores directly to the Department of Environmental Development, and payments for August and September were paid by them to the Peoria city treasurer to be placed in the escrow account.

On July 13, 1972, Fredman gave written notice to the Clores that he was terminating the lease agreement in 30 days. Our statute authorizes a landlord to terminate a tenancy of any term less than one year, other than tenancy from week to week, by giving 30 days' notice in writing (Ill. Rev. Stat. 1971, ch. 80, par. 6), and he may then maintain an action for forcible entry and detainer or ejectment.

On August 15, 1972, the class action complaint for declaratory and injunctive relief was filed. Count I sought damages in the amount of rent paid to Fredman, a

mandatory injunction ordering Fredman to repair the premises to comply with the housing code, and a permanent injunction to prevent Fredman from evicting the Clores. Count II sought a mandatory injunction against the Director compelling a thorough inspection of the premises and a report of all violations to the court, a mandatory injunction requiring the Director to continue accepting rental payments and placing them in escrow, and for attorneys' fees, court costs and such other relief as the court might deem proper.

On August 17, Fredman filed the action in forcible entry and detainer against the Clores, who responded with a motion to dismiss that action or to consolidate it with the previously filed suit for declaratory and injunctive relief pursuant to sections 48(1)(c) and 25(1), (2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, pars. 48(1)(c), 25(1), (2)), alleging the issues could not be completely determined without consolidation. Fredman by affidavit asserted that the termination of the tenancy and the forcible entry action were initiated for sound commercial reasons in preparation for upgrading the physical condition and improving rental prospects of the premises, and not for any retaliatory reasons as prohibited by section 16—118 of the Peoria Housing Code. The Clores filed an answer to Fredman's complaint setting forth affirmative defenses, and alleging that Fredman's termination of the tenancy was in retaliation for complaints made about housing code violations to the regulatory authorities.

In November the trial court denied the Clores' motion to dismiss or consolidate, and ruled that the matters raised in their affirmative defenses were not germane to forcible entry and detainer proceedings and did not constitute a defense to that action. Fredman's motion for summary judgment was therefore granted.

Proceedings in the declaratory and injunctive action proceeded concurrently with the forcible entry action. As earlier noted, the trial court granted summary judgment to

the Director of the Department of Environmental Development, apparently on the grounds that he had enforced the Housing Code of the City of Peoria and *mandamus* would not lie where the duty to be performed by the public officer had been or was being performed. Summary judgment was also granted the City of Peoria apparently on the grounds that it had enforced the housing code, that the Clores had failed to exhaust their administrative remedies and that since possession of the premises had been awarded Fredman in the forcible entry and detainer action, the Clores were no longer lawful tenants and had no right to bring the action. Fredman's motion to dismiss plaintiffs' complaint was allowed with prejudice, apparently because the trial court felt the earlier judgment in the forcible entry and detainer action was dispositive of the claims in this suit. A majority of the appellate court concluded retaliation was an inappropriate defense in a forcible entry and detainer action. It affirmed the trial court ruling on consolidation of the litigation because it believed the divergent theories and different prayers would result in a difficult if not impossible trial, and, as to count II of the class action, held the appellants' failure to brief or argue any error in the trial court holding obviated the need for review.

While the parties have urged numerous issues in these two actions, we believe the determinative question is whether a defense of retaliatory eviction may be raised in a forcible entry and detainer action. Only matters germane to the distinctive purpose of forcible entry and detainer proceedings may be introduced. (Ill. Rev. Stat. 1971, ch. 57, par. 5; *Rosewood Corp. v. Fisher*, 46 Ill.2d 249.) That purpose is to adjudicate rights of possession, and only matters germane to those rights are properly pleaded or considered. In the recent cases of *Jack Spring, Inc. v. Little*, 50 Ill.2d 351, and *Peoria Housing Authority v. Sanders*, 54 Ill.2d 478, landlords sought possession in forcible entry and detainer actions because tenants had

failed to pay rent. We there held that the questions whether the defendants in fact owed rent in view of alleged breaches of an express covenant to repair, a breach of implied warranty, and an unconstitutional rental policy, were germane. In the earlier case of *Rosewood Corp. v. Fisher*, 46 Ill.2d 249, we held that the validity of installment contracts for the purchase of realty was germane to the determination of the right of possession in a forcible entry and detainer action.

The Clore pleadings in both of these cases allege that landlord Fredman had terminated the tenancy in retaliation for complaints to regulatory officials about housing code violations. The public policy of this State as evidenced by its statutory law forbids a landlord to terminate or refuse to renew a lease because a tenant complained to a governmental authority of a *bona fide* violation of any applicable building code, health ordinance or similar regulation. (Ill. Rev. Stat. 1971, ch. 80, par. 71.) Similarly, the Housing Code of the City of Peoria forbids the termination of tenancy or eviction of a tenant solely in retaliation for complaints by the tenant to the City or the court charging violations of the building code or a warranty of habitability. If the rent is less than 30 days delinquent at the time of notice of termination or eviction and the tenant has not during the six months prior to notice been convicted of creating a nuisance, or of reckless or wilful criminal damage by an occupant, those facts are *prima facie* evidence that the eviction or termination is retaliatory solely because of the tenant's complaints. (Housing Code of the City of Peoria, section 16—118.) The statutory prohibitions are relatively new to our law and were not involved in *Rosewood* or *Jack Spring, Inc.*; in our judgment, they can be read only as barring the right of a landlord to terminate a lease and evict the tenant in those cases in which that action is undertaken in retaliation for the tenant's complaints to governmental authorities regard-

ing code violations. To hold that limiting statutory provisions which bar an action are not "germane" to that action when raised as a defense thereto would, we believe, nullify the clear intent of the statute. If, in fact, the landlord's action is retaliatory, the landlord is not entitled to possession of the property and the action cannot be maintained. We accordingly hold that in a forcible entry and detainer action an answer alleging such action was brought in retaliation for complaints by the tenant to governmental authorities is germane to the action and states a defense. While we reach this conclusion predicated upon the pertinent statutory and ordinance provisions, we note that other courts have reached similar conclusions without such enactments. See *Edwards v. Habib* (D.C. Cir. 1968), 397 F.2d 687; *Schweiger v. Superior Court of Alameda County,* 3 Cal. 3d 507, 476 P.2d 97, 90 Cal. Rptr. 729.

We do not agree with the appellate court majority's determination that no facts were alleged in the pleadings and affidavits sufficient to present the issue of retaliation. That finding overlooks section 16—118 of the Peoria Housing Code, the requirements of which were met by the Clores' allegations and under the ordinance provisions constituted *prima facie* evidence of retaliation. In addition, the Clores alleged they made complaints, violations were found and Fredman was notified. Further, the Director of the Department of Environmental Development notified Fredman that rental payments on the Clores' apartment would be held in escrow until the violations were corrected. Those allegations were, in our opinion, sufficient to raise the issue of retaliation, and this question of material fact should have been resolved in a trial. While Fredman filed an affidavit denying any retaliatory motives, it is not apparent from this record that any evidence was heard or effort made to resolve this issue. In any event the dismissal of count I of the Clores' complaint and the

summary judgment granted to Fredman in these actions must be reversed and the cases remanded for consideration of the defense of retaliatory eviction.

Count II of the complaint filed by the Clores was essentially a *mandamus* action against the Director of Environmental Development and the City. Portions of the Clores' brief in this court are devoted to questions of whether a tenant may seek to enforce the Peoria Housing Code in his individual and representative capacity pursuant to section 11—13—15 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—15), exhaustion of administrative remedies, *mandamus* and the sufficiency of service of notice on the City manager. We do not, however, find it necessary to consider these issues since they were not urged in the appellate court. *City of Lawrenceville v. Maxwell,* 6 Ill.2d 42.

While the question of consolidation is ordinarily discretionary (Ill. Rev. Stat. 1971, ch. 110, par. 51), an examination of the subject matter and the rights of the parties in these two cases indicates that the motion to consolidate should have been granted. The cases contain common questions of law and fact, which could and should have readily been determined at the same time. While the denial of the motion to consolidate, standing alone, might not be reversible error, we believe the cases ought to be consolidated on remand.

Accordingly, the judgments of the appellate court in both cases are reversed as to defendant Fredman. The judgment in *Clore v. Fredman* is otherwise affirmed. Both cases are remanded for further proceedings consistent with this opinion.

*Affirmed in part and reversed in part and remanded.*