HOUSING AUTHORITY FOR LA SALLE COUNTY, Plaintiff-Appellee, *v.* JANET LITTLE, Defendant-Appellant.

Third District    No. 78-149

Opinion filed September 18, 1978.

Daniel J. Bute, of Cantlin and Bute, of Ottawa, for appellant.

Robert J. Sinon, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action was commenced when the plaintiff Housing Authority filed a complaint in forcible entry and detainer for possession of residential premises which had been leased to the defendant Janet Little. The complaint specifically alleged that the defendant had permitted boarders or lodgers to utilize her apartment in violation of the terms of her written lease.

The record discloses that in the early part of November 1977, the defendant permitted Darlene Gorisek and her four children to move into her apartment. The Goriseks stayed in the defendant's apartment until a few days after Thanksgiving in year 1977. After the Goriseks' departure the defendant paid the December 1977 rent to the plaintiff and the same was accepted. It is clear from the record that the plaintiff Housing Authority was aware of the fact that the Goriseks were residing with the defendant prior to their departure and prior to its acceptance of the

December rent from the defendant. As we have previously stated, the plaintiff brought an action to obtain possession of the leased premises. The defendant was served with a notice of the termination of her lease on December 28, 1977. The trial court granted judgment for possession to the plaintiff Housing Authority and this appeal ensued.

We are called upon to determine whether the acceptance of rent from a lessee which accrued after a breach of the terms of a lease by the lessee, with the lessor having full knowledge of such violation prior to accepting the rent, constitutes a waiver of the right of the lessor to declare a forfeiture of the lease.

■■ The forfeiture of leases is not favored and courts will readily adopt any circumstances that indicate an intent to waive a forfeiture.

■■ An act of a landlord which affirms the existence of a lease and recognizes a tenant as his lessee after the landlord had a knowledge of a breach of the lease results in the landlord waiving his right to a forfeiture of the lease. The acceptance of rent accruing subsequent to the breach implies a waiver of the right to declare a forfeiture of the lease because of such breach. See 24 Ill. L. & Prac. *Landlord & Tenant* §§200, 202 (1956); 49 Am. Jur. 2d *Landlord & Tenant* §1067 (1970); *Waukegan Times Theatre Corp. v. Conrad* (1945), 324 Ill. App. 622, 59 N.E.2d 308; *Peacock v. Feltman* (1927), 243 Ill. App. 236.

■■ We are of the opinion that in the instant case the plaintiff Housing Authority waived its right to forfeit the defendant's lease. To us it is clear that if the defendant breached the lease by permitting the Goriseks to reside with her in her leased apartment for a period of less than one month, then such breach was waived by the plaintiff landlord accepting rent subsequent to the breach.

Where a lessor waives a right of forfeiture the lease continues to be in esse. See *Brown v. Lyons* (1954), 2 Ill. App. 2d 228, 119 N.E.2d 452.

For the reasons set forth the judgment of the circuit court of La Salle County granting a judgment of possession of the leased premises to the plaintiff Housing Authority of La Salle County is reversed.

Reversed.

STOUDER, J., and STENGEL, P. J., concur.