SUSAN MORFORD *et al.*, Plaintiffs-Appellants, *v.* LENSEY CORPORATION, Defendant-Appellee.

Third District   No. 82—158

Opinion filed November 30, 1982.

Duane D. Thompson and Dean L. Sutton, both of Prairie State Legal Services, Inc., of Rock Island, for appellants.

Douglas C. Scovil and Dorothea O'Dean, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the plaintiffs Susan Morford and Sylvia Strosche (hereinafter tenants) from the dismissal of counts I, II and III of their amended complaint against the Lensey Corporation (hereinafter landlord). All three counts were dismissed, on motion of the landlord, for failure to state claims upon which relief could be granted. From the dismissals, the tenants appeal. The issues raised concern the sufficiency of the three counts in stating causes of action.

The facts in the complaint, taken as true for purposes of the motion to dismiss, indicate that the tenants and the landlord entered into a written residential lease for a Rock Island apartment on or about July 31, 1977. The lease was renewed for an additional year on or about July 31, 1978, and the renewed lease contained an automatic re-

newal provision, effective until July 31, 1980. Following July 31, 1980, the tenants continued to occupy the apartment on a month-to-month basis, paying rent monthly. According to the factual allegations of the complaint, throughout their tenancy, the leased apartment contained numerous physical defects and substandard conditions, which were stated to be violations of the minimum housing standards for the city of Rock Island. Sixteen separate physical defects or conditions were listed in the first amended complaint. The landlord had been notified of the conditions and defects, but had refused or failed to make any repairs.

On or about December 4, 1980, the tenants requested that the housing inspection department of the city of Rock Island make an inspection of their apartment premises. That inspection was made on December 5, 1980, and the landlord was notified of defects and substandard conditions in the premises. The landlord was instructed by the city to bring the premises into compliance with the city's housing code. Subsequent to the defendant landlord's receipt of notice from the city, the landlord, on December 23, 1980, served tenants with a 30-day notice to quit, directing them to vacate by February 1, 1981. Tenants were at all times in complete compliance with their obligations as tenants to the landlord. The tenants complied with the notice to quit and vacated the premises. The landlord refused to return their $125 security deposit, which had been paid at the inception of the lease arrangement.

The tenants responded with the instant action against the landlord. Count I of their first amended complaint sought to assert a claim for breach of the implied covenant of habitability. It set forth the prior and existing contractual relationships between the tenants and landlord, and it alleged, as part of the lease, an implied warranty of habitability. The warranty of habitability was grounded, in part, on the minimum housing standards of the city of Rock Island. Sixteen specific defects or substandard conditions, allegedly violations of the applicable housing code, were set forth as breaches of the implied warranty of habitability. The tenants also alleged that the premises, with the defects and substandard conditions, was unfit for occupancy. Count I concluded with allegations of damages, and a request for relief.

Count II of the complaint sought to assert a cause of action premised upon violations of sections 1 and 2 of article XI of the Illinois Constitution of 1970. (Ill. Const. 1970, art. XI, secs. 1, 2.) Those sections state:

"Section 1. Public Policy—Legislative Responsibility

The public policy of the State and the duty of each person is to provide and maintain a healthful environment for the benefit of this and future generations. The General Assembly shall provide by law for the implementation and enforcement of this public policy.

Section 2. Rights of Individuals

Each person has the right to a healthful environment. Each person may enforce this right against any party, government or private, through appropriate legal proceedings subject to reasonable limitation and regulation as the General Assembly may provide by law."

Count III's factual allegations were substantially those set forth in count I.

Count II of tenants' complaint set forth the facts of the previous counts, and included factual allegations that the premises, at the tenants' request, had been inspected by the housing department, that violations had been found, and that the landlord had been notified of the violations. Count III alleged that the notice to quit from the landlord was delivered shortly after the finding of violations and notice to the landlord, and that the landlord had terminated the tenancy solely because of the tenants' complaints to the city's housing inspection department. The tenants premised recovery upon the landlord's retaliatory eviction of them for making those complaints to the housing department. See Ill. Rev. Stat. 1979, ch. 80, par. 71.

Count IV of the complaint pleaded a cause of action for breach of contract respecting the failure to return their damage deposit of $125.

The landlord filed a motion to dismiss the complaint for failure to state a cause of action. A hearing on the motion to dismiss was held, and on January 18, 1982, the trial court entered its judgment order dismissing counts I, II, and III of the complaint. Dismissal was denied as to count IV. However, on February 23, 1982, count IV was disposed of by consent order. Thereafter, on March 12, 1982, within 30 days of the consent order disposing of count IV, the tenants filed their notice of appeal from the dismissal of counts I through III.

■■ Before addressing ourselves to the sufficiency of the allegations in those counts, we are met with a contention that the appeal must be dismissed because the tenants failed to file a timely notice of appeal. The landlord argues that an appeal from the order dismissing counts I through III should have been filed within 30 days of January 18, 1982, the date that dismissal order was entered and filed. We find that the notice of appeal herein was timely filed. Supreme Court Rule 304 controls. It states, in pertinent part:

"(a) Judgments as to Fewer Than All Parties or Claims—Necessity for Specific Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all of the parties." (73 Ill. 2d R. 304(a).)

In the instant case, the January 18 order adjudicated fewer than all of the claims in question, leaving standing count IV, and it contained no finding as required by the Supreme Court Rule. The January 18 order was not appealable. All claims were disposed of on February 23, 1982, when the consent order on count IV was entered. That order also contained the express finding required by Rule 304(a). Therefore, the appeal period began on February 23, and the notice of appeal filed within 30 days thereof was timely. We turn next to the three counts of the complaint which were dismissed and to the questions of their sufficiency in stating causes of action against the landlord.

■ It is well established that where a motion to dismiss admits well-pleaded facts, that a cause of action will not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 113, 395 N.E.2d 549.) The tenants argue that count I of their complaint was sufficient to state a cause of action for breach of the landlord's implied warranty of habitability, and we agree. In *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 366, 280 N.E.2d 208, the Illinois Supreme Court concluded that both oral and written residential leases include implied warranties of habitability, premised upon the provisions of applicable building and housing codes. In the instant case, count I set forth the existence of a lease, with an implied warranty of habitability. It also set forth specific defects or substandard conditions in the leased premises, which were alleged to be in violation of the housing code of Rock Island, and which allegedly rendered the premises unfit for occupancy. Damages

were alleged as a result of the breach of warranty. We find the factual allegations sufficient to state a cause of action for breach of the implied warranty of habitability in the lease contract. The motion to dismiss should have been denied as to count I.

■ In response, the landlord initially faults the tenants for the failure to specify those portions of the housing code which are alleged to have been violated. Next, it argues that the defects specified are only minor and insubstantial, and do not render the premises uninhabitable. The landlord also attempts to portray count I as merely seeking enforcement of a duty to make repairs, which duty is not in the lease contract. As to the lack of specificity respecting provisions of the housing code, we find that omission insufficient to justify dismissal. Count I clearly sets forth specific defects in the premises and alleges that they are violations of the housing code of the city. The housing code is specified by name (see 73 Ill. 2d R. 133), and further specification of provisions violated can be obtained by bill of particulars, or by further discovery. It is to be noted, again, that motions to dismiss should be allowed only where *no set of facts exist which give rise to a sufficient claim by the plaintiff.* Here sufficient facts are set forth, and any failure to specify violated provisions of the housing code is not fatal. Whether, as the landlord claims, the defects and substandard conditions are minor, and whether they render the premises uninhabitable, are questions of fact, not properly raised by way of motion to dismiss. Nor does it matter that the count alleged a failure to make repairs, where, even aside from such allegation, it was sufficient to state a cause of action for breach of the warranty of habitability. The trial court erred in dismissing count I.

■ Count II of the tenants' complaint, which seeks recovery based upon violations of sections 1 and 2 of article XI of the Illinois Constitution, is not sufficient to state a cause of action. We have previously set forth these two provisions. The breadth of the language used in them is undeniable. However, we have found nothing in the Constitutional Commentary, nor in the prior case law, to indicate an intention to create, with these provisions, a private cause of action for tenants as against landlords where leased premises are alleged to be unhealthful. In fact, the committee on general government, which proposed the language, stated in its report that the sections did not create or establish new remedies. These environmental provisions of the Constitution were aimed principally at the threat posed persons and the environment by pollutants. Furthermore, by the terms of these provisions, the General Assembly was given the power to regulate and limit enforcement of these rights. Our statement, *in dicta*, in

*Fredman v. Clore* (1973), 13 Ill. App. 3d 903, 301 N.E.2d 7, *aff'd in part, rev'd in part on other grounds* (1974), 59 Ill. 2d 20, does not indicate any assent to a contention that these sections, by themselves and without further legislative enactment, create a cause of action in the landlord-tenant area respecting the conditions of the leased premises. A remedy for unhealthy and uninhabitable premises was created by the Illinois Supreme Court in *Jack Spring*, and we do not create another remedy, under sections 1 and 2 of the Illinois Constitution. We find the tenants' arguments novel and interesting, but unpersuasive. Count II was properly dismissed.

■ The last issue before us concerns the third count of tenants' complaint, which sought to assert a claim based upon the landlord's retaliatory eviction. As noted previously, count III set forth the existence of the tenancy, the fact that the tenants had requested an inspection by the city, and that violations were found by the inspectors. It was further alleged that the landlord was notified of the violations, and that he terminated the tenancy solely because of the tenants' complaints to the housing inspections department. We find these allegations sufficient, if proven, to warrant recovery for retaliatory eviction, if damages are shown; section 1 of "An Act to protect the right of tenants to complain of violations of governmental regulations" (Ill. Rev. Stat. 1979, ch. 80, par. 71) sets forth this State's public policy against retaliatory evictions:

> "It is declared to be against the public policy of the State for a landlord to terminate or refuse to renew a lease or tenancy of property on the ground that the tenant has complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation * * *."

In *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18, the Illinois Supreme Court held that allegations setting forth a retaliatory eviction, under section 1, could be brought forth as a defense in forcible entry and detainer actions. Section 1 evidences a broad statement of public policy against such retaliatory evictions, and, as remedial legislation, it must be liberally construed to effect its purposes. (*S.N. Nielson Co. v. Public Building Com.* (1980), 81 Ill. 2d 290, 298, 410 N.E.2d 40.) We conclude that section 1 supports recovery for a tenant, as against a landlord who is shown to have evicted the tenant for a retaliatory reason, as set forth in the statute. A liberal construction of the statute, with a view to protecting a tenant and preventing such retaliation by landlords, requires such a result. To permit the claim to be asserted only as a defense in eviction actions by a landlord would work to a landlord's benefit in those cases where an unknowing ten-

ant vacates, after notice, unaware of his rights to a defense of retaliatory eviction. The purposes behind section 1 are better served where a tenant who has been forced to leave, as a result of his valid complaints about the condition of the premises, can also obtain relief as against the landlord outside of the forcible entry and detainer context. The landlord herein does not dispute the existence of such a cause of action. Rather, the argument is made that the count is deficient in its allegations of a retaliatory eviction claim. The landlord suggests a deficiency in that there was no allegation that repairs could not have been done with continued occupancy, and in that there was no allegation that the landlord was aware of the tenants' complaints when he gave them notice. Whether repairs could be done with occupancy or not is not relevant to the retaliatory eviction claim, which is based upon the tenants' complaints and the landlord's response thereto. As to the landlord's awareness of the source of complaint, the tenants' allege that the termination of the lease by the landlord was solely because of their complaints to the inspections department. Implicit in this allegation is that the landlord was aware that they had complained to the city about their premises. In order to prove that the landlord's termination was the result of their complaints, they will have to show that his actions were in response to complaints to the city. It is a logical inference from the sequence of events specifically set forth in the complaint that the termination was in retaliation, and should the landlord deny this basis and assert another, then a question of fact would be presented, to be determined by the factfinder. The tenants' count III sufficiently stated a cause of action for retaliatory eviction, and should not have been dismissed. We find no validity in the landlord's suggestion that the factual allegations conclusively show that the tenants left the premises voluntarily, and not in response to the conditions and the landlord's notice to quit.

In summary, we find that the court erred in dismissing counts I and III, being the causes of action based upon the implied warranty of habitability and upon a retaliatory eviction. The court properly dismissed count II, based upon the constitutional violations alleged.

Accordingly, the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

Affirmed in part and reversed in part with a remandment.

SCOTT and STOUDER, JJ., concur.