SHELBY COUNTY HOUSING AUTHORITY, Plaintiff-Appellee, v. MICHAEL THORNELL, Defendant-Appellant.

Fifth District   No. 5—85—0615

Opinion filed May 14, 1986.—Rehearing denied June 19, 1986.

Elizabeth Donoghue and Jack Tibbetts, both of Land of Lincoln Legal Assistance Foundation, Inc., of Mattoon, for appellant.

Franklin E. Dove, of Dove & Dove, of Shelbyville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Michael Thornell, appeals from a judgment of the circuit court of Shelby County granting possession of a residential dwelling and awarding rent due in the sum of $111.10 plus court costs to plaintiff, Shelby County Housing Authority.

Plaintiff and defendant entered into a written lease agreement for the rental of an apartment operated by plaintiff. On February 26, 1985, defendant wrote a letter to the Department of Housing and Urban Development (HUD) complaining of various problems within the apartment complex. Joyce Tull, plaintiff's executive director, was informed by HUD of the complaint. On March 22, 1985, Tull sent a memo to all residents of the apartment complex stating her awareness of the complaint, and a meeting was held a few weeks later to discuss problems in the complex. On April 18, 1985, defendant received a notice of intent to terminate tenancy from plaintiff. This letter notified defendant of his right to request an informal hearing.

On June 10, 1985, plaintiff filed a complaint in forcible entry and detainer against defendant requesting possession of the apartment

rented by defendant. On June 11, 1985, defendant received a demand for rent and notice of termination of tenancy, pursuant to Federal regulation, stating that tenancy would be terminated if rent was not received by June 25, 1985. On June 21, 1985, defendant received a letter entitled "Landlord's Five Day Notice" also demanding payment of rent by June 25, 1985. On June 26, 1985, defendant received a notice to vacate stating that defendant's lease would be terminated on July 5, 1985, for nonpayment of rent.

On July 3, 1985, plaintiff amended its complaint to add count II requesting possession and rent due. A hearing was held on August 5, 1985, at which time defendant filed a motion to dismiss based upon retaliatory eviction and waiver of notices to terminate. An order was entered on August 9, 1985, finding no waiver and insufficient evidence of retaliatory eviction. Defendant's motion to dismiss was denied and judgment for possession of the premises and $111.10 in rent due plus costs was entered in favor of plaintiff.

On appeal, defendant contends that the trial court was without jurisdiction to hear count II of the complaint because it was filed before notice of termination expired and that the court's finding of insufficient evidence of retaliatory eviction is against the manifest weight of the evidence.

■ Section 9—209 of the Code of Civil Procedure provides that "[a] landlord *** may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, the lease will be terminated." (Ill. Rev. Stat. 1983, ch. 110, par. 9—209.) If the tenant does not make a timely payment of rent, the landlord may bring an action for forcible entry and detainer and a claim for rent may be joined in the complaint. (Ill. Rev. Stat. 1983, ch. 110, par. 9—209.) Defendant argues that the third notice he received on June 26, 1985, reaffirmed the tenancy so that plaintiff waived the notices to terminate contained in the previous letters. Therefore, because the third notice provided for a termination date of July 5, 1985, and count II was filed on July 3, 1985, plaintiff's complaint was filed prematurely and failed to comply with the provision of section 9—209 requiring that action cannot be commenced against the tenant until "after rent is due." Ill. Rev. Stat. 1983, ch. 110, par. 9—209.

Defendant attempts to analogize the present situation to those where a landlord waives notice of termination by accepting rent from a tenant after the date specified in the notice of termination (see, e.g., Bismarck Hotel Co. v. Sutherland (1980), 92 Ill. App. 3d 167, 173,

415 N.E.2d 517, 521) and where a notice to quit has been held to waive a forfeiture provision contained in a lease (see, *e.g., Hopkins v. Levandowski* (1911), 250 Ill. 372, 95 N.E. 496). The rationale behind a finding of waiver is that if the landlord has by some act recognized the existence of the tenancy subsequent to the time he might have declared forfeiture or exercised the right to terminate the tenancy, such rights are forfeited because the tenant has been misled into believing that a new date for termination has been set. *Mitchell v. Tyler* (1948), 335 Ill. App. 117, 80 N.E.2d 449.

Defendant contends that the series of notices he received in June misled him as to the last date to make a rental payment and avoid termination of the tenancy. An examination of the notices leads us to conclude that defendant could not reasonably be led to believe that plaintiff was recognizing the existence of tenancy and setting a new date for termination. The first notice provided that the lease would be terminated unless rent was received by 4 p.m. on June 25, 1985. This notice was sent by plaintiff pursuant to a Federal regulation governing notice requirements for termination of tenancy in public housing. The second notice, entitled "Landlord's Five Day Notice," also provided that the lease would be terminated unless rent was received by June 25, 1985. This notice was sent pursuant to the requirements of section 9—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 9—209). The third notice, a notice to vacate, is in essence a follow-up notice to the first notice. The notice to vacate was based upon failure to pay rent in accordance with the date set in the previous two notices and notified defendant that he was to vacate the premises by July 5, 1985. We conclude that this series of correspondence clearly informed defendant that his lease would be terminated on June 25, 1985, unless rent was received by that date. The final notice informed defendant that because rent had not been timely paid, defendant must vacate the premises by July 5, 1985. The mailing of subsequent notices did not operate to waive previous notices. Rent was due on June 25, 1985, to avoid termination of the lease and, therefore, plaintiff filed a timely amended complaint on July 3, 1985, and the trial court properly exercised jurisdiction over count II of the complaint.

■■ ■ Defendant's second contention is that the finding of the trial court that there was insufficient evidence of retaliatory eviction is against the manifest weight of the evidence. Section 1 of "An Act to protect the right of tenants to complain of violations of governmental regulations" provides that it is against public policy for a landlord to terminate a lease on the ground that the tenant has complained to

a governmental authority of a *bona fide* violation of any applicable building code, health ordinance, or similar regulation. (Ill. Rev. Stat. 1983, ch. 80, par. 71.) The *prima facie* elements of retaliatory eviction are that the tenant made complaints to a governmental authority, violations were found, the landlord was notified of the violations and the tenancy was terminated solely because of the tenant's complaints. (*Clore v. Fredman* (1974), 59 Ill. 2d 20, 27, 319 N.E.2d 18, 22; *Morford v. Lensey Corp.* (1982), 110 Ill. App. 3d 792, 798, 442 N.E.2d 933, 937-38.) Additionally, section 1 of the Act can be read only as barring the right of a landlord to terminate a lease and evict a tenant in those cases where the action is undertaken in retaliation for the tenant's complaints to governmental authority regarding code violations. (*Clore v. Fredman* (1974), 59 Ill. 2d 20, 26-27, 319 N.E.2d 18, 21.) Therefore, a tenant's claim that he was being evicted because he petitioned the landlady and circulated a petition among his cotenants in an attempt to have certain rules and regulations of a mobile home park rescinded did not fall within the purview of section 1 of the Act (Ill. Rev. Stat. 1983, ch. 80, par 71). *Seidelman v. Kouvavus* (1978), 57 Ill. App., 3d 350, 354, 373 N.E.2d 53, 56.

▮ Defendant's letter to HUD listed numerous complaints which may be summarized as follows: (1) tenants shutting off other tenants' electricity; (2) tenants breaking other tenants' windows; (3) tenants climbing on other tenants' roofs and fences; (4) lack of cable television; (5) misuse of parking spaces; (6) tenants being forced to pay for repairs due to normal wear and tear; (7) lack of monthly inspections; (8) lack of attention to complaints due to favoritism; (9) people occupying apartments who were not listed on the lease; (10) undue noise after 10 p.m.; and (11) parking in fire lanes. Defendant has made no attempt to specify the building code, health ordinance or similar regulation applicable to the alleged complaints and we believe that the majority of these complaints do not allege code violations as required by statute and as interpreted in *Clore*. Furthermore, the record lacks evidence that an inspection of the apartment complex confirmed the existence of the alleged problems. (*Cf. Clore v. Fredman* (1974), 59 Ill. 2d 20, 22-23, 319 N.E.2d 18, 19 (inspection yielded numerous violations of city housing code).) Lastly, defendant admitted that he made no attempt after June 11 to pay the rent due. Therefore, the trier of fact could reasonably find that defendant's lease was terminated for failure to pay rent and not solely because of his complaints to HUD. Defendant also relies upon the memo sent by Tull to the tenants of the complex stating that "you have all been told to come to me with your complaints *** [and] [y]ou won't accomplish anything by 'going

over my head' unless you come to this office first" as evidence of retaliatory motivation. However, Tull testified that she was merely apprising the tenants of the proper procedure to follow in airing their grievances because HUD had informed her that it would consider complaints only after plaintiff had been unsuccessful in dealing with them. The trial court is in a superior position to hear and weigh evidence and to assess the credibility of the witnesses and its findings will not be disturbed on appeal unless contrary to the manifest weight of the evidence. (*In re Estate of Dorfman* (1985), 138 Ill. App. 3d 646, 653, 486 N.E.2d 310, 315.) We conclude that the finding of insufficient evidence of retaliatory eviction is not against the manifest weight of the evidence. The decision of the circuit court of Shelby County is affirmed in all respects.

Affirmed.

JONES and HARRISON, JJ., concur.