THE CHICAGO HOUSING AUTHORITY, Plaintiff-Appellant, v. MYTRA TAYLOR, Defendant-Appellee.

First District (6th Division)   No. 1—90—0614

Opinion filed December 21, 1990.

Keck, Mahin & Cate, of Chicago (F. Willis Caruso, Jill E. Egans, and Catherine A.T. Nelson, of counsel), for appellant.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Catherine C. MacCarthy and Marc Stahl, of counsel), for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

The plaintiff, Chicago Housing Authority, brought an action in forcible entry and detainer to recover possession of an apartment occupied by defendant, Mytra Taylor. Defendant filed a motion to dismiss the complaint, asserting that the plaintiff had waived its right to pursue the action when it served defendant with a second notice and demand for rent and a second complaint. The trial court granted defendant's motion and dismissed the complaint. On appeal, plaintiff

contends that the trial court erred in finding that it had waived its right to pursue its original claim against defendant.

The record reveals that defendant has leased and occupied the subject premises since September 1987. The apartment occupied by defendant was part of a subsidized housing development owned and operated by the plaintiff. On July 20, 1989, plaintiff issued a notice and demand for rent in the amount of $782.79 against defendant which was delivered to defendant's daughter. On August 11, 1989, plaintiff filed a complaint and summons based upon the notice issued July 20, 1989. Defendant was served with this summons and complaint on August 22, 1989. On September 1, 1989, plaintiff obtained a default judgment for possession of the leased premises. Defendant filed a motion to vacate the default judgment which was granted on September 21, 1989.

On September 14, 1989, plaintiff issued a second notice and demand for rent in the amount of $988.39 which was received by defendant on or about September 25, 1989. On November 2, 1989, plaintiff filed a second complaint and summons based upon the notice issued September 14, 1989. This action was voluntarily dismissed by plaintiff at the initial trial call on November 21, 1989.

On November 13, 1989, defendant filed a motion to dismiss the first complaint, contending that the service of the first notice was invalid because the notice was served upon defendant's 10-year-old daughter. Defendant also filed an answer and affirmative defenses to the first complaint. On December 1, 1989, defendant filed an amended motion to dismiss the first complaint, asserting that the plaintiff had waived its right to pursue the action by serving her with the second notice and with the second complaint. After a hearing, the trial court granted defendant's amended motion to dismiss, finding that plaintiff had waived its right to pursue the initial action against defendant.

Defendant asserts that after receiving the July notice, she went to the management office several times and attempted to pay her rent, but plaintiff refused to accept her payments. The affidavit of defendant's mother asserts that on September 29, 1989, and on September 30, 1989, she tendered to plaintiff the amount of rent due on her daughter's apartment, but plaintiff refused the tendered amounts on both occasions. Plaintiff denies that defendant tendered the rent due and relies on defendant's deposition testimony that after July 1989, she did not attempt to pay the overdue rent because she knew that plaintiff would not accept it.

■ It has been held that an act of a landlord which affirms the existence of a lease and recognizes a tenant as his lessee after the

landlord has knowledge of a breach of the lease results in a waiver of the landlord's right to a forfeiture of the lease. *McGill v. Wire Sales Co.* (1988), 175 Ill. App. 3d 56, 59, 529 N.E.2d 682, 684; *Housing Authority v. Little* (1978), 64 Ill. App. 3d 149, 150, 380 N.E.2d 1201, 1202.

The question to be decided is what acts constitute a waiver. (*Okey, Inc. v. American National Bank & Trust Co.* (1981), 96 Ill. App. 3d 987, 993, 422 N.E.2d 221, 225.) The existence of a waiver is essentially a question of intent to be determined by the trier of fact (*Glad-Nan Corp. v. Henry's Drive-In, Inc.* (1961), 29 Ill. App. 2d 363, 367, 173 N.E.2d 521, 523), and where a disputed question of fact exists, judgment on the pleadings is improper (*Okey, Inc.*, 96 Ill. App. 3d at 993, 422 N.E.2d at 226).

Evidence of acts which are inconsistent with a declaration of forfeiture may prove a waiver (*Okey, Inc.*, 96 Ill. App. 3d at 993, 422 N.E.2d at 225), and the acceptance of rent is one such inconsistent act (*McGill*, 175 Ill. App. 3d at 60, 529 N.E.2d at 685; *Okey, Inc.*, 96 Ill. App. 3d at 993, 422 N.E.2d at 225; *Housing Authority v. Little* (1978), 64 Ill. App. 3d 149, 150, 380 N.E.2d 1201, 1202; *Waukegan Times Theatre Corp. v. Conrad* (1945), 324 Ill. App. 622, 632, 59 N.E.2d 308, 312).

The question before this court is whether the plaintiff's service of the second notice and the second complaint constituted a waiver of its right to pursue its initial action against defendant.

The facts in this case are analogous to those presented in *Shelby County Housing Authority v. Thornell* (1986), 144 Ill. App. 3d 71, 74, 493 N.E.2d 1109, 1111, in which the court held that the mailing of subsequent notices did not operate to waive previous notices. The court found that the landlord had not waived its right to terminate the lease by sending the tenant three successive notices specifying two different dates for termination of the lease and eviction of the premises. The court stated that the subsequent notices merely updated the first, and the tenant could not reasonably have been misled into believing that the landlord had recognized the existence of the tenancy. See also *Mitchell v. Tyler* (1948), 335 Ill. App. 117, 80 N.E.2d 449 (landlord did not waive its right under the first notice by serving tenant with a 60-day notice of termination of tenancy while prior judgment in forcible entry and detainer was on appeal).

In the instant case, plaintiff had obtained a default judgment for possession of the leased premises on September 1, 1989. At that time, defendant's tenancy under the lease had been terminated and plaintiff was entitled to possession of the premises. Yet, defendant was still re-

siding in the apartment and had not paid the rent due. We believe that the plaintiff's issuance of the second notice may be viewed as an update of the first notice, indicating that defendant had 14 days to vacate the premises and that additional rent was due over and above the amount stated in the first notice. Plaintiff has asserted that the issuance of the second notice and the filing of the second complaint were inadvertent. This is supported by the evidence that plaintiff voluntarily dismissed the second action the first time it was called before the court. Thus, a trial court could conclude that the second notice was consistent with plaintiff's initial action against defendant.

The original action was still pending when the second notice was issued. After receiving the second notice, defendant filed pleadings in the first suit, *i.e.*, an answer, affirmative defenses, and a motion to dismiss alleging invalid service. In addition, defendant testified during her deposition that after July 1989, she did not attempt to pay the overdue rent because she knew that plaintiff would not accept it. These actions do not indicate that defendant believed plaintiff intended to abandon its position in the first suit.

Defendant asserts that she tendered rent payments which were refused by plaintiff. Assuming, *arguendo*, that defendant's assertions are true, the repeated refusal of tendered rent payments is indicative that plaintiff was proceeding under the understanding that the lease had been terminated. This conduct is consistent with plaintiff's claim that it was entitled to possession of the leased premises and negates an inference of waiver of its rights under the first notice.

Defendant cites several cases which involve situations where rent payments were accepted by the landlords after the lease terms had been breached by the tenants. There is no evidence that plaintiff here ever received or accepted any rent from defendant after the July notice had been issued. Consequently, these cases are not controlling here.

Defendant also relies heavily on the decision in *Duran v. Housing Authority* (Col. 1988), 761 P.2d 180. In that case, the Colorado Supreme Court held that the housing authority's service of a second notice on the tenant superseded the previous notice and constituted a waiver of the housing authority's right to terminate the lease.

Yet, we find the facts in *Duran* to be distinguishable from those in the case at bar. That case was decided after a trial, and the notices were "couched in the language of a proposal" (*Duran*, 761 P.2d at 184). The notices provided that unless the overdue rent was fully paid within 14 days from the date of delivery of the notice, "the Authority intends to terminate and cancel [the] month to month lease. *** We

surely hope that you will make up the rent payments you owe, so that you can remain in your unit." (*Duran*, 761 P.2d at 181.) The *Duran* court limited its decision to factual situations involving "the precise language used" in these notices. *Duran*, 761 P.2d at 184.

The notices in the case at bar did not contain the language used in the *Duran* notices and were not framed as proposals. The first notice specified the amount of the rent delinquency and indicated that the tenancy would be terminated if the overdue rent was not paid within 14 days after service of the notice. The notice also stated that only full payment of the rent demanded in the notice would waive the plaintiff's right to terminate the lease under the notice. The second notice contained similar language, but specified an additional amount of overdue rent which had accrued in the intervening month.

In addition, the tenant in *Duran* testified that she understood the second 14-day notice to mean the the housing authority's manager had changed his position regarding the termination of the tenancy. It was undisputed in *Duran* that after the eviction action had been filed but prior to the expiration of the second 14-day notice period, the tenant attempted to pay the overdue rent and, in fact, tendered payment to counsel for the housing authority in open court.

In the case at bar, defendant did not testify that she understood the second notice to mean that plaintiff had changed its position. While there was conflicting evidence as to whether defendant attempted to pay the overdue rent, she testified during her deposition that after July 1989, she made no such attempt because she knew that plaintiff would not accept it. On this evidence, it appears that defendant was not confused about the plaintiff's position and was fully aware that plaintiff intended to pursue its rights under the first notice.

The *Duran* court specifically noted that although an intention to waive a benefit may be implied by conduct, the conduct itself should be free from ambiguity and clearly manifest the intention not to assert the benefit. (*Duran*, 761 P.2d at 183.) We do not believe that the plaintiff's issuance of the second notice clearly manifested an intention not to assert its rights under the first notice. Based on the facts presented in the instant case, we do not believe that the *Duran* decision is binding here.

Defendant also relies upon *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, for the proposition that a notice to quit has been held a waiver of the right to enforce a forfeiture under the lease. *Avdich* does not, however, support defendant's position. That case held only that where the landlord had given a five-day notice, he waived the

right to enforce the lease forfeiture until the expiration of the time stated in the notice. (*Avdich*, 69 Ill. 2d at 9, 370 N.E.2d at 508.) In the case at bar, there is no allegation that plaintiff filed its action prior to the expiration of the notice period. Consequently, the decision in *Avdich* is not controlling here.

■ Defendant has argued that even if plaintiff's conduct does not constitute a waiver of its rights under the first notice, it should be estopped from asserting those rights because she was misled and confused about her obligations by the second notice. Estoppel is an affirmative defense which must be specifically pled or it is waived. (*Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 998, 466 N.E.2d 958, 977.) Because defendant failed to present this estoppel argument in the court below, she is precluded from raising it before this court.

■ ■ In deciding the merits of a motion to dismiss, a trial court cannot determine disputed factual issues without an evidentiary hearing. (*Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 501 N.E.2d 156; *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249.) We find that the record before us presents a question of fact as to whether plaintiff intended the second notice to operate as a waiver of its rights under the first notice. Consequently, the cause must be remanded for an evidentiary hearing on this disputed question of fact.

Finally, we address the pending motions which were taken with the case.

Plaintiff brought a motion to recover payment for defendant's use and occupancy of the leased premises during the pendency of this appeal. Defendant opposed plaintiff's motion to recover payment of this rent, contending that the appellate court was not the proper forum in which to request such relief and plaintiff was required to file a new eviction action in the trial court in order to recover payment for the use and occupancy of the leased premises during the appeal process. Defendant contended further that the plaintiff was not entitled to an order allowing payment for use and occupancy because it had already entered into a special agreement for rent with the defendant.

On May 15, 1990, this court granted plaintiff's motion to recover payment for the use and occupancy of the leased premises during the pendency of the appeal and ordered defendant to pay the previously accrued rent which totalled $1,456.96 as of April 1990. Defendant filed a motion to reconsider that ruling.

In her motion for reconsideration, defendant asserted that in April 1990, after the plaintiff had filed its notice of appeal in this

case, plaintiff and defendant settled the underlying rent dispute by entering into a rent repayment plan whereby plaintiff agreed not to evict defendant from the leased premises and defendant agreed to enter the Protective Payee Program of the Illinois Department of Public Aid. Defendant asserted that under this plan, her monthly assistance payments were to be controlled by her mother, a State-approved public payee obligated to pay one-half of defendant's assistance payment directly to the plaintiff for 10 months to pay current and delinquent rent. Defendant asserted that because she did not have $1,456.96, she could not comply with this court's order of May 15, 1990, and requested that portion of the order be reconsidered or modified. Defendant also requested that the court strike that portion of the order which stated that acceptance of rent would not serve to reinstate the tenancy.

On June 20, 1990, defendant filed a motion to remand this action to the trial court for an evidentiary hearing, alleging that there existed a factual question as to whether the parties entered into a settlement agreement of the rent dispute in April 1990. Plaintiff opposed defendant's motion for remand, denying that a settlement agreement had been reached and asserting that the issue for review centered on the question of the plaintiff's waiver of its rights in the initial action. Plaintiff asserted further that a remand for an evidentiary hearing would serve only to delay the litigation.

■ We reject defendant's claim that this court did not have authority to enter the order of May 15, 1990, requiring her to make payment for the use and occupancy of the leased premises during the pendency of this appeal.

Supreme Court Rule 366(5) provides that the reviewing court has the power to enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, for the enforcement of a judgment, that the case may require. 107 Ill. 2d R. 366(5).

This rule affords the reviewing court the power to enter an order requiring a tenant who continues to reside in the rental unit to make rent payments which are due and owing for the use and occupancy of an apartment during the pendency of an appeal. Consequently, defendant's argument that this court had no authority to enter the May 15, 1990, order is without merit.

Defendant has also asserted that the order of May 15, 1990, should be modified or the cause remanded for an evidentiary hearing because the parties reached a settlement of the rent dispute in April

1990. Plaintiff denies that any settlement agreement was ever reached, but acknowledged at oral argument that some payments have been made during the pendency of this appeal.

The existence of a settlement agreement is a disputed question of fact that was raised after the notice of appeal was filed and is outside the record before us. We have already determined that this cause must be remanded for a determination of plaintiff's intent in issuing the second notice and in filing the second complaint. On remand, the trial court should consider and take appropriate action as to all matters before it, including the question of whether a settlement agreement had been reached by the parties.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

EGAN and RAKOWSKI, JJ., concur.