CHRISTINE E. HARTMAN, Plaintiff-Appellee, v. ARLIE A. HARTMAN et al., Defendants—(JAMES E. HARTMAN et al., Defendants-Appellants.)

(No. 54209;

First District (3rd Division)—April 5, 1973.

*Rehearing denied May 3, 1973.*

J. Edward Jones, of Blue Island, for appellants.

Korean Movsisian, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Christine E. Hartman, filed a suit for partition of three parcels of realty, and requested that, as to one of the parcels, a forfeiture

be declared against one of the defendants, her step-son, James E. Hartman, and his wife. James E. Hartman filed a motion under Section 48 of the Civil Practice Act asking that the suit be dismissed with regard to himself and his wife. Plaintiff filed a counter-motion to strike James' motion to dismiss on the grounds that it was insufficient in law and consisted of conclusional and argumentative material. The court denied defendant's Section 48 motion, and upon James Hartman's refusal to plead to the complaint, the trial judge entered an order by default declaring a forfeiture against James Hartman and finding that he and his wife had no interest in the subject property. On appeal James and Jeanette Hartman urge that the plaintiff did not have the ownership rights essential to maintain the suit and that, therefore, the court erred in denying their motion to dismiss the action.

It should be noted here that the suit affecting the instant parcel was filed against James Hartman and his wife, Mary Beth Hartman. It developed that James and Mary Beth had been divorced, and that James had married Jeanette Hartman.

On April 25, 1968, appellee brought this action seeking to declare a forfeiture and also asking other relief. The complaint, as it pertains to these appellants and to the subject property, alleged that appellee and her ex-husband, Arlie A. Hartman, were the owners in joint tenancy of the subject property located at 13929 Park Avenue in Dolton, Illinois. Arlie was the father of James Hartman by an earlier marriage. In October, 1967, appellee obtained a divorce from Arlie, and in March, 1968, a supplemental divorce decree was entered providing that appellee and Arlie were owners in joint tenancy of the property in question.

The complaint went on to state that on May 25, 1963, appellee and Arlie as sellers entered into Articles of Agreement for a deed to the subject property with James and Mary Beth Hartman as purchasers. The contract price was $10,823.71, and was to be paid by the purchasers in monthly installments. The contract provided that the sellers would furnish a deed if the purchasers made all the necessary payments on the contract. The contract also provided that if the purchasers failed to make any of the payments the contract would be forfeited, the sellers could retail all payments made as damages, and the sellers would be able to re-enter and take possession of the property. The complaint went on to state that the purchasers had defaulted in the monthly payments, that the last payment had been made in February, 1967, and that by virtue of filing this complaint, appellee was electing to declare a forfeiture of the contract.

James Hartman was served with summons in April, 1968, but, although he testified as a witness on behalf of Arlie in another portion of the

proceedings, he did not file an appearance or an answer to this complaint. In February, 1969, appellee notified all parties that she would seek a default order. At that time, James Hartman was given time by the trial court to plead, and thereafter filed his Section 48 motion to dismiss. The gist of the argument and the motion to dismiss the cause of action was that an equitable conversion of property had taken place at the time of the execution of the Articles of Agreement, and that the purchasers rather than the sellers had become the owners of the subject property.

In addition to the motion to dismiss, James Hartman filed a rambling and conclusional affidavit. The material facts contained in that affidavit are as follows: $100 per month had been paid on the contract from July, 1963, through February, 1967; at this time a balance of $9,383.64 remained unpaid on the contract price; payments in conformity with the contract ceased at this point, but thereafter payments of $69 per month were made to Arlie by Hannes Ver Wey under agreement with the appellants, except for three months of 1967 and the month of March, 1968; in 1966, at the request of Arlie, appellants paid $85 in taxes above the amount of the contract price.

After hearing, the trial court denied appellants' motion to dismiss the complaint. At the time of his ruling, the trial court declared that, even accepting all the facts in James' affidavit as true, he would have to deny appellants' motion to dismiss. After denying the motion to dismiss, the trial judge requested appellants to file an answer to the complaint and to proceed to trial. When appellants refused to plead to the complaint, the trial judge reluctantly entered a default order declaring a forfeiture and finding that appellants had no interest in the subject property.

■■ As we have observed, appellants maintained in the trial court that their Section 48 motion established, as a matter of law, that an equitable conversion of the property had taken place. They argued therefore that their motion conclusively demonstrated that appellee had no ownership rights in the property, and that the trial court thus had no jurisdiction to entertain the complaint. It is axiomatic that issues not presented to the trial court cannot be raised for the first time on appeal. (*People ex rel. Gustafson v. Calumet City*, 101 Ill.App.2d 8, 241 N.E.2d 512.) Therefore, that is the only issue which will be considered by this court on appeal.

■■■ A suit for partition will lie only where the plaintiff is a co-owner of the realty involved. (Ill. Rev. Stat. 1967, ch. 106, par. 44.) But within a suit for partition, the trial court is also empowered to determine the ownership rights of the property and to remove clouds upon title. (Ill. Rev. Stat. 1967, ch. 106, par. 67.) Under the doctrine of equitable conversion upon the execution of a valid, enforceable contract for the sale

of realty, the purchaser becomes the equitable owner of the realty holding the purchase money as trustee for the seller. The seller becomes trustee of the legal title for the purchaser with a lien on the land as security for the purchase money. (*Shay v. Penrose*, 25 Ill.2d 447, 185 N.E.2d 218.) However, the doctrine of equitable conversion does not apply where equitable considerations intervene or where the parties intend otherwise. *Eade v. Brownlee*, 29 Ill.2d 214, 193 N.E.2d 786.

■■ In the instant case, the doctrine of equitable conversion is clearly not applicable. James Hartman's affidavit conceded that appellants were in default in accordance with the terms of the contract. Many payments on the contract were late, others were less than the required amount and some payments were not made at all. Indeed, over $8,500 of the purchase price still remained unpaid.

■■ Citing *Boardman v. Bubert*, 325 Ill. 38, 155 N.E. 784; *Monson v. Bragdon*, 159 Ill. 61, 42 N.E. 383; and, Watson v. White, 152 Ill. 364, 38 N.E. 902, appellants contend that appellee, in failing to give any notice of her intention to declare a forfeiture beyond the filing of this suit, waived any breach of contract on the part of appellants. The cited cases however are distinguishable from the instant case. In those cases, the only defaults on the part of the purchasers were delays in payment, while in the present case, there was a suspension of payments on the part of appellants. In the *Monson* case, *supra*, the court explicitly noted that a different result would have been indicated if, rather than a delay in payment, a suspension of payment had been involved.

■■■ We find no merit in appellants' argument that the forfeiture clause in the contract was so harsh and inequitable in its application to them as to render it void, thereby leaving appellants as equitable owners of the property. The validity of such forfeiture clauses has been recognized by the courts. (*McDonald v. Bartlett*, 324 Ill. 549, 155 N.E. 477; *Robnett v. Miller*, 303 Ill. 515, 135 N.E. 705.) Indeed, the equities seem to rest with the appellee. Appellants defaulted in payments, and, despite having the use of the property for several years, reduced the unpaid balance of the contract by only a small amount. Moreover, even if the forfeiture clause is declared invalid, a breach by the purchaser of an essential provision of a contract may be sufficient to defeat the purchaser's claim to title and to re-invest the entire title in the vendor. (*O'Malley v. Cummings*, 86 Ill.App.2d 446, 229 N.E.2d 878.) From the affidavit of James Hartman, appellants' breaches of the contract are manifest.

■■ The trial court correctly found that appellants' motion failed to demonstrate, as a matter of law, that the appellee had no ownership rights to the subject property essential to maintain the suit. Therefore,

there was a jurisdictional basis for this suit to proceed to full litigation. In view of appellants' refusal to further plead to the complaint, the trial court correctly declared a forfeiture and found that appellants had no interest in the subject property.

For the reasons stated, the judgment of the circuit court is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.