BENNIE AMATO *et al.*, Plaintiffs-Appellees, *v.* HENDERSON EDMONDS, Defendant-Appellant.

Third District   No. 79-802

Opinion filed August 12, 1980.

Steven R. Watts, of Galesburg, for appellant.

Richard Whitman, of Kritzer, Stansell, Critser & Whitman, of Monmouth, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The only issue raised in this case is whether the Circuit Court of Knox County erred in granting the plaintiff contract sellers' motion for summary judgment in a forcible entry and detainer action brought against the defendant contract buyer when the defendant raised by way of counterclaim defenses relating to the plaintiffs' right to possession. We believe that it did err, and as a consequence we reverse and remand.

The facts of this case are relatively simple, and no detailed recitation of them is necessary. On August 25, 1977, the plaintiffs, Bennie and Clara Amato, entered into a contract for the installment sale of the Custer Hotel in Galesburg, Illinois, with the defendant purchaser, Henderson Edmonds. The purchase price of the hotel was $500,000. Under the terms of the installment sale contract, Edmonds was to make a $50,000 down payment, and pay the balance of the purchase price in monthly installments of $6,000. Accordingly, during the next twelve months Edmonds made monthly payments totaling $72,000 to the contract sellers. He also lived in and operated the hotel during this time.

In September of 1978 Edmonds failed to make the required $6,000 installment. Consequently, on October 23, 1978, the Amatos brought a forcible entry and detainer action against the defendant. Two days later, the plaintiff contract sellers filed a separate suit to have the hotel placed in receivership during the pendency of the forcible entry and detainer action. On October 31, the Circuit Court of Knox County entered an order appointing a receiver to operate the hotel during the pendency of plaintiffs' action to regain possession.

In response to the plaintiffs' forcible entry and detainer action, the defendant filed a motion to dismiss. This motion was denied. The defendant then filed an answer which included an affirmative defense and a five-count counterclaim. In his counterclaim the defendant sought either rescission or reformation of the installment sale contract on grounds which he summarized in his brief thusly:

"1. That plaintiffs made numerous misrepresentaions at the time of the formation of the contract so that the contract was unenforceable and invalid;

2. That plaintiffs never intended to sell the Hotel but entered into a deliberate course of conduct designed to interfere with the Hotel's operation in an effort to make defendant default on the contract;

3. That the contract terms were unconscionable;

4. That the actual value of the Hotel was so much less than the price stated in the contract, that the contract was void as based upon mutual mistake.

5. That the contract stated that plaintiffs had not received notice of dwelling code violations when in fact they had and that the sellers' failure to give notice pursuant to Chapter 29, §8.22 of the Ill. Rev. Stat. rendered the Agreement for Deed voidable."

Subsequently, the plaintiffs filed a reply to the defendant's affirmative defense and an answer to the defendant's counterclaim, on which no ruling has been obtained.

In March 1979, the plaintiffs moved for summary judgment in their forcible entry and detainer action. The defendant responded to the plaintiffs' motion, and oral arguments on the motion were heard. On August 2, 1979, the trial court granted the plaintiffs' motion for summary judgment and ordered that a writ of restitution issue. It is from this judgment that the defendant now appeals.

·The principal case relied upon by the defendant in support of his position that the plaintiffs' motion for summary judgment should not have been granted is *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833. *Rosewood* involved a number of contract purchasers who eventually became dissatisfied with the terms of the installment contracts they had entered into with the plaintiff contract sellers. Consequently, the defendant purchasers ceased making installment payments. The plaintiffs then began forcible entry and detainer proceedings against the defendants, who interposed "by way of answer, counterclaim or affirmative defense, various matters going to the validity and enforcibility of the contracts upon which plaintiffs based their claim of a right to possession." (46 Ill. 2d 249, 255, 263 N.E.2d 833, 837.) The defendants alleged, *inter alia*, that the installment contracts were unconscionable, usurious, unenforceable, extracted and induced by fraud, and violative of their civil and various constitutional rights. On the plaintiffs' motion, however, the circuit court struck the defendants' defensive pleadings on the ground that they were not germane to the forcible entry and detainer action (Ill. Rev. Stat. 1967, ch. 57, par. 5). On appeal, the Illinois Supreme Court reversed and made the following statements highly pertinent to the case at bar:

"It is our opinion that the defenses going to the validity and enforcibility of the contracts relied upon by the plaintiffs were germane to the distinctive purpose of the forcible entry and detainer actions and were improperly stricken. That purpose, to rrepeat, is to restore possession to one who is entitled to the right of possession. 'Germane' has been judicially defined as meaning 'closely allied,' and is further defined in Webster's New Twentieth

Century Dictionary, p. 767, as meaning: closely related; closely connected; relevant; pertinent; appropriate.' *Where as here, the right to possession a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, we believe it must necessarily follow that matters which go to the validity and enforciblity of that contract are germane, or relevant, to a determination of the right to possession.* This is particularly true for two reasons. First, because a contract buyer becomes the equitable owner of the property upon execution of an installment contract, (*Shay v. Penrose*, 25 Ill. 2d 447, 449,) and thus by such an action may be stripped of his equitable ownership as well as possession; second, the contract purchaser is faced not only with the loss of possession, but, unlike a tenant, trespasser or squatter, is likewise faced with the loss of the equity accumulated by payments made on the contract. Here, for example, the Fishers had paid approximately $10,000 toward satisfaction of their total contract obligations. *On the other side of the coin, a contract seller claiming and seeking to enforce a claimed right of possession should not be permitted to prevail on the basis of such contract so long as its validity and enforcibility is questionable under the law.* Should a contract purchaser not be permitted to defend upon the very contract upon which the seller relies, in our judgment the result could be, as argued, a direct denial of constitutional rights and an indirect denial of civil rights. We believe that contract buyers may plead equitable defenses and be given equitable relief if it is established that the contracts are unconscionable or in violation of civil rights as here contended. *Cf. Horner v. Jamieson*, 394 Ill. 222; *Stein v. Green*, 6 Ill. 2d 234." (Emphasis added.) (46 Ill. 2d 249, 256-57, 263 N.E.2d 833, 838.)

In *Peoria Housing Authority v. Sanders* (1972), 2 Ill. App. 3d 610, 615-16, 276 N.E.2d 496, 500, this court, after quoting the above passage from *Rosewood*, stated that "[f]rom an analysis of the cases it is clear that the defendant by counterclaim to an action for possession may assert a paramount right to possession, may deny the breach of any agreement vesting possession in the plaintiff *or may even question the basis upon which the plaintiffs' right to possession is founded.*" (Emphasis added.)

In the instant case, the plaintiffs' right to possession is founded upon the defendant's breach of the installment sale contract. It is the validity and enforceability of this very contract that is being questioned in the defendant's five-count counterclaim. We admit that a forcible entry and detainer action "involves solely the question of the right to restitution of premises of which one is unjustly deprived". (*Peoria Housing Authority v. Sanders* (1972), 2 Ill. App. 3d 610, 613, 276 N.E.2d 496, 499). However, "a

contract seller claiming and seeking to enforce a claimed right of possession should not be permitted to prevail on the basis of such contract so long as its validity and enforcibility is questionable under the law." (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 257, 263 N.E.2d 833, 838.) Consistent with the views expressed by the supreme court in *Rosewood*, we believe that the plaintiffs were not entitled to receive summary judgment in their forcible entry and detainer action where the pleadings on file in that action raise a genuine issue of material fact, *i.e.*, the validity of the installment contract itself. It would truly be anomalous to allow summary judgment in favor of the plaintiffs based upon the defendant's violation of the terms of the installment contract when the possibility exists that the contract may be rescinded.

The plaintiffs argue at length in their brief that even if the defendant was successful on any one count of his counterclaim, that success would not result in the defendant's retention of possession, and as a result summary judgment was properly granted. We do not find this argument to be persuasive. Defendant's failure to perform his duties pursuant to the provisions of the installment sale contract constituted the only grounds for the maintenance of plaintiffs' forcible entry and detainer action. If that contract is found to be invalid and unenforceable, there no longer remains any basis on which to pursue the possessory action. The fact that the success of a defendant installment purchaser's counterclaim may result in rescission of the installment sales contract rather than retention of possession did not affect the outcome of the *Rosewood* case, nor does it lessen the impropriety of the entry of summary judgment here. "[T]he seller should not be permitted to recover possession through the provisions of a contract which was itself subject to challenge upon equitable grounds." (*Marine Bank Associates v. Johnson* (1971), 1 Ill. App. 3d 464, 470, 274 N.E.2d 645, 649 (Trapp, J., dissenting).) The particular equitable remedy sought by the counterclaimant is of no real concern. What is of importance is whether the allegations of the counterclaim are germane to the forcible entry and detainer action and, in this particular case, whether they raise a genuine issue of material fact so as to preclude entry of summary judgment. Here, the answer to both of these inquiries is in the affirmative. In addition, in contending that summary judgment was proper because success on the counterclaim would not result in the retention of possession by the defendant, the plaintiffs are in effect arguing the merits of the defendant's counterclaim. At this stage of the litigation such arguments are premature. The only issue before this court is whether there's a genuine issue of material fact raised in the defendant's pleadings which forecloses entry of summary judgment in the plaintiffs' forcible entry and detainer action. The success of the defendant on his counterclaim is to be determined in subsequent proceedings.

The plaintiffs also contend that because the hotel was in the possession of a receiver during the pendency of the forcible entry and detainer action, neither the possession of the hotel by the defendant nor his equitable ownership therein was impaired by the entry of summary judgment, and consequently the reasoning of *Rosewood* is inapplicable to the instant case. In their brief on this point, the plaintiffs argued: "Hence, unlike the situation in *Rosewood*, the status quo will be preserved by the receivership until Edmonds' counterclaims are decided by the trial court. Therefore, the basis for the requirement in *Rosewood* that the counterclaims be decided before the forcible is not present because the receiver, who is already in possession, will preserve the status quo until Edmonds' counterclaims are decided." Despite the plaintiffs' assertion that the receivership would be maintained until the defendant's counterclaim was decided, such in fact was not the case. On the plaintiffs' own motion, the receivership was terminated on December 28, 1979. Therefore, contrary to the plaintiffs' contentions, the status quo will not be maintained pending the outcome of the counterclaim if the summary judgment entered in the forcible entry and detainer action is affirmed. As a result of the summary judgment, the defendant installment purchaser loses both possession and his equitable ownership in the hotel, events which the supreme court in *Rosewood* sought to avoid in situations where the validity of the contract upon which the possessory action is founded is challenged on equitable grounds. We consider the plaintiffs' argument based on the receivership to be without merit.

For the reasons we have stated, we believe the entry of summary judgment for plaintiffs to be error. We therefore reverse the judgment of the Circuit Court of Knox County, and remand for further proceedings consistent with the views we have expressed herein.

Judgment reversed and remanded.

STOUDER and STENGEL, JJ., concur.