ILLINOIS FAIR PLAN ASSOCIATION, Plaintiff, *v.* ASTIRS, INC., a/k/a Elmwood Properties, Inc., Defendant-Appellee.—(WILLIE HENRY MOORE *et al.*, Defendants-Appellants.)

First District (3rd Division)    No. 79-686

Opinion filed September 30, 1980.

Marshall Patner, of Chicago, for appellants.

Herbert Lesser, of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Willie Henry Moore and Evan H. Moore were contract buyers and Elmwood Properties, Inc., was the contract seller of an apartment building which was destroyed by fire. Illinois Fair Plan Association filed an interpleader action to determine the rightful claimant to the proceeds under an insurance policy covering the fire. The trial court entered summary judgment in favor of Elmwood Properties. The Moores appeal, claiming that they are entitled to a portion of the proceeds based on theories of equitable conversion, quantum meruit and fraud. We affirm.

On May 27, 1974, Willie Henry Moore entered into a real estate installment contract with Astirs, Inc. (which subsequently merged into Elmwood Properties), for the purchase of property located at 6543 S. Woodlawn Avenue, Chicago, Illinois. Under the contract, Moore was to pay a total of $19,000, with a down payment of $1,000 and monthly payments in the amount of $185.96 plus one-twelfth of the annual insurance premiums and taxes. This installment contract was assigned by Willie Henry Moore to his son, Evan Moore. As an inducement for Elmwood Properties to accept the assignment, Willie Henry Moore agreed to remain personally liable for performance of the contract in the

event of any default by his son. Evan Moore accepted the assignment and agreed to assume full responsibility for a building code violation suit which had been filed after his father entered into the contract with Elmwood Properties.

Evan Moore became delinquent in his payments, and Elmwood Properties sent him a notice of default. This notice stated that if delinquent payments totalling $1,127.78 were not made within 30 days, then the contract would be forfeited and a forcible entry and detainer suit would be filed. A declaration of forfeiture was sent to Evan Moore at the subject property by registered mail on August 3, 1977. The building was destroyed by a fire of undetermined origin on September 27, 1977.

Illinois Fair Plan filed an interpleader complaint in which it stated that it had issued to Elmwood Properties a policy of insurance for the property. It set forth the conflicting claims of the Moores and Elmwood Properties. The trial court entered an order discharging Illinois Fair Plan of all liability under the insurance policy once it had deposited the proceeds with the court.

Elmwood Properties contends it is entitled to the entire amount of the insurance proceeds since the contract was forfeited prior to the fire. It claims that the forfeiture was valid because it was accomplished in accordance with the terms of the contract.

The Moores attack the forfeiture declared by Elmwood Properties, claiming that it was invalid because no notice had been sent to Willie Henry Moore. They also contend that when Evan Moore executed his acceptance of the assignment, he received no consideration for his promise to assume responsibility for existing building code violations and the pending lawsuit based thereon. Consequently, the Moores argue, Evan Moore should be compensated for the work he performed to bring the building into conformity with the municipal code, based on the theory of quantum meruit. The Moores claim that once this amount is credited toward the amount due under the contract, there would be an equitable conversion and they would be entitled to the proceeds of the insurance policy. We disagree.

■■ First, we reject the Moores' contention that the forefeiture was invalid because Willie Henry Moore received no notice. Since the assignment which he executed did not contain a provision requiring that he be notified if his son defaulted, or if a forfeiture was declared, such notice was not a prerequisite to the declaration of forfeiture.

■■ Next, we conclude that no issue of fact exists in regard to the Moores' claim of equitable conversion. Under the doctrine of equitable conversion, when the owner of land enters into a valid and enforceable contract for its sale he continues to hold the legal title, but in trust for the buyer; the buyer becomes the equitable owner. The conversion takes

place at the time of entering into the contract. (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 449, 185 N.E.2d 218, 219-20.) Any equitable interest which the Moores may have acquired by virtue of equitable conversion, however, was extinguished when Elmwood Properties declared a forfeiture in accordance with the terms of the contract. Where a contract for the sale of land permits the seller to declare a forfeiture upon default, then the declaration of forfeiture following such default puts an end to the interest of the purchaser. (*Brown v. Jurczak* (1947), 397 Ill. 532, 540, 74 N.E.2d 821, 825; *Lanski v. Chicago Title & Trust Co.* (1927), 324 Ill. 367, 374, 155 N.E. 296, 299.) Thus, the doctrine of equitable conversion is unavailing to the Moores because the record clearly shows that the contract had been forfeited prior to the fire. See *Hartman v. Hartman* (1973), 11 Ill. App. 3d 524, 528, 297 N.E.2d 199, 202.

■■ Likewise, there is no triable issue that relates to the claim for quantum meruit. The contract provides that in the event of a forfeiture, all improvements made on the premises by the purchaser shall be the property of the seller without liability or obligation to account for them. Accordingly, Elmwood Properties was under no obligation to compensate Evan Moore for the alleged repairs. See *Eade v. Brownlee* (1963), 29 Ill. 2d 214, 220-21, 193 N.E.2d 786, 790.

■■ The Moores next claim that Elmwood Properties was to pay real estate taxes out of the payments made under the contract, and that the taxes were never paid. They contend that Elmwood Properties perpetrated a fraud by collecting the tax money and keeping it. Also, the Moores argue that the trial court erred in striking a written interrogatory which they submitted to Elmwood Properties. The interrogatory, they contend, would have determined whether Elmwood Properties was engaged in a pattern and practice of collecting but not paying real estate taxes on properties which it sold on contract.

According to the terms of the contract, the Moores were to deposit with Elmwood Properties one-twelfth of the annual taxes each month in addition to paying the monthly installment on the purchase price. The contract provides, however, that the obligation and responsibility for paying the taxes remained with the purchasers. The purchasers were entitled to call upon the seller to pay the taxes out of funds which they had deposited with the seller for that purpose. Alternatively, the purchasers were permitted to pay the taxes and then be reimbursed from monies which they had already deposited into the tax fund. Thus, the contract placed the burden of paying taxes squarely on the Moores, not on Elmwood Properties.

Under the circumstances, the record does not demonstrate facts which would, if proved, establish an action for fraud. In its general sense, fraud includes anything calculated to deceive. (*Citizens Savings & Loan*

*Association v. Fischer* (1966), 67 Ill. App. 2d 315, 322, 214 N.E.2d 612, 615.) However, an action based on fraud must be pleaded with specificity. (*Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 25, 356 N.E.2d 653, 656.) Fraud is never presumed. (*Carey Electric Contracting, Inc. v. First National Bank* (1979), 74 Ill. App. 3d 233, 236, 392 N.E.2d 759, 762.) Here, the Moores have not alleged that they made a demand on Elmwood Properties to pay the taxes from funds which they claim they had deposited. Nor have they alleged that they paid the taxes and were then unable to recover the funds which they had previously deposited with Elmwood Properties for that purpose. In fact, they have not even alleged that they deposited funds which would have been sufficient to pay the tax bills. In the absence of such specific allegations, and in light of the clear language of the contract, the Moores' claim of fraud is untenable.

We also find that the interrogatory submitted by the Moores was properly stricken. The Moores sought to discover a list of all properties obtained by Elmwood Properties by tax deed proceedings from 1974 to the present, whether the taxes have been paid on these properties, the name of the attorney who represented Elmwood Properties in each case, and the amount of the attorneys' fees. Since the information sought is irrelevant to this particular case, the court did not err in striking the interrogatory. See *Cohn v. Board of Education* (1970), 118 Ill. App. 2d 453, 456-57, 254 N.E.2d 803, 804-05; Ill. Rev. Stat. 1977, ch. 110A, par. 201(c)(1).

Accordingly, the judgment entered in favor of Elmwood Properties is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.