RALPH E. RAMER, Plaintiff-Appellant, *v.* PAUL M. STORMENT, JR., Defendant-Appellee.

Fifth District   No. 83—2

Opinion filed October 25, 1983.

Michael P. Bastian, of Clayton, Missouri, for appellant.

Storment and Read, of Belleville (P. Michael Read, of counsel), for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Alleging that defendant fraudulently induced plaintiff to convey his interest in certain real property, plaintiff commenced this action with a demand for a jury trial in the circuit court of St. Clair County. The court granted defendant's motion to dismiss on the ground that plaintiff had no standing to maintain the action since, at the time of the conveyance, plaintiff possessed no transferable interest in the property due to plaintiff's previous default on a contract for deed. From the order granting the motion, plaintiff appeals. We conclude that the issue of whether plaintiff possessed a transferable interest presents a material genuine disputed question of fact which the trial court could not properly decide under section 2—619(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(c)), reverse the judgment, and remand the cause.

On April 17, 1975, plaintiff Ralph Ramer entered into a contract to purchase a 79-acre farm in St. Clair County from James and Audrey Duncan. The terms of the contract dictated that $3,500 would be paid at the time the contract was executed, with the balance due in monthly installments of $300 plus 7% interest. An additional $1,500 was to be tendered every six months until the entire purchase price was paid. The contract contained a forfeiture clause, which read in part:

> "And in case of the failure of said party of the second part [Ramer] either to make the payments of any part, or to per-

form any of the covenants hereby specified within sixty days after the same are due to be paid or performed, this contract shall, at the option of the party of the first part [the Duncans], cease and determine, and the party of the second part shall forfeit all payments made on this contract, and such payments shall be retained by the party of the first part in full satisfaction and in liquidation of all damages sustained by said first party, time being the essence of this contract ***."

Plaintiff was notified by a letter from the Duncans' attorney, dated September 8, 1980, that plaintiff was delinquent in his payments in the amount of $3,600. A similar letter dated July 14, 1981, advised plaintiff that he was delinquent in the amount of $2,700. Both letters stated that plaintiff's failure to pay the arrearage would result in forfeiture proceedings. On September 1, 1981, the Duncans issued a demand for strict compliance, stating that plaintiff was delinquent in the amount of $3,000, and demanding payment within 30 days, after which the Duncans would insist upon strict compliance with all provisions of the sale contract. The demand further stated that plaintiff's failure to make the delinquent payments would result in a proceeding under "An Act in regard to forceable entry and detainer" (Ill. Rev. Stat. 1981, ch. 57, par. 1 et seq., now Ill. Rev. Stat. 1981, ch. 110, par. 9—101 et seq.) for possession of the premises. A second demand for strict compliance was issued by the Duncans on December 16, 1981, identical to the first except in the amount of the claimed arrearage, which had decreased to $2,400.

On January 21, 1982, the Duncans issued a notice of forfeiture, declaring their right to retain all payments made on the contract and reenter the premises. At an unspecified date later in the same month, Sherry Ramer, plaintiff's wife, attempted to cure the default by tendering $2,700 to the Duncans' attorney, who refused to accept payment.

Several days before the notice of forfeiture was issued, plaintiff was arrested on a criminal charge and confined in jail. Defendant, acting as plaintiff's counsel, suggested that plaintiff sell the farm in order to obtain money for bail. While the precise terms of the subsequent agreement between plaintiff and defendant are subject to dispute, it would seem that defendant agreed to advance bail money for plaintiff, anticipating the sale of the farm for a value high enough to pay the arrearage on the contract for deed and also cover defendant's fee. Thereafter, plaintiff and his wife signed two documents. An "employment contract" signed by the Ramers quitclaimed their interest in the farm to defendant in consideration of defendant's ser-

vices as attorney. A second instrument assigned to defendant the Ramers' interest in the contract for deed in consideration of $5,000. (Neither document, as it appears in the record, bears a date.)

On April 5, 1982, the Duncans executed a warranty deed conveying the farm to defendant. Plaintiff commenced this action on June 7, 1982. The order granting defendant's motion to dismiss was issued on September 24, 1982.

The test to be applied in determining whether a motion to dismiss should be granted is set forth in section 2—619(c) of the Civil Practice Act:

"If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing obviating grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." Ill. Rev. Stat. 1981, ch. 110, par. 2—619(c).

The question for our determination, then, is whether the record presents any genuine disputed question of fact regarding plaintiff's assignable interest in the property at the time it was transferred to defendant and, if so, whether it was appropriate for the trial court to decide the question.

It is well established that a court will enforce a contractual right to forfeiture, but only where such a right is clear and unequivocal, and injustice will not result. (*Aden v. Alwardt* (1979), 76 Ill. App. 3d 54, 59, 394 N.E.2d 716, 719.) In determining the enforceability of a forfeiture pursuant to a contract for deed, the court must balance the equities on a case-by-case basis, considering such principal factors as whether there has been prior acceptance of late payments; whether, assuming such acceptance, the buyer has been given reasonable warning that the seller will insist on prompt payment in the future; whether there has been a prior default; whether substantial payment has been made on the whole contract; whether the buyer has substantially improved the property; and whether there has been a mere "delay," as opposed to a "suspension" of payments. 76 Ill. App. 3d 54, 59.

Thus, the question of plaintiff's standing is dependent upon

the question of plaintiff's interest in the property at the time plaintiff signed the instruments conveying the property to defendant, and this question is, in turn, dependent upon the question of whether there had been an actual forfeiture pursuant to plaintiff's contract for deed. While a notice of forfeiture had been issued by the Duncans, the enforceability of the Duncans' claim was contingent upon multiple issues of fact. We cannot accept the view that these issues involve matters so self-evident that no material and genuine disputed question of fact is raised.

■■ ■ When a material and genuine question of fact is raised, the court must, under section 2—619(c), deny the motion to dismiss if the case is one in which plaintiff is entitled to a jury trial and has requested the same in a timely manner. If the plaintiff is not entitled to a jury trial, the court may properly decide the question of fact only by resorting either to the record or to a matter so conclusive that a plaintiff cannot deny it. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 229, 180 N.E.2d 512, 517.) Since plaintiff requested a jury trial by making a jury demand on the face of the complaint in the case *sub judice,* it would appear that the trial court should have denied the motion to dismiss. Even if plaintiff's substantive claim in the instant case does not entitle him to a jury trial, the court is still obliged to deny defendant's motion to dismiss. To the extent that the principal factors which would determine the validity of the Duncans' forfeiture claim are addressed in the documents of record, the evidence is far too inconclusive to allow disposition of the question. While it is implicit in the information of record that late payments were accepted by the Duncans, the number and significance of these payments cannot be determined. The matter of reasonable notice, being essentially linked to the issue surrounding the acceptance of late payments, is similarly obscured. Other factors apparent from the record argue against enforceability of the forfeiture claim. Although the record does not state the precise amount paid by plaintiff on the contract, it is nevertheless apparent that substantial payment had been made in the course of six years. It is alleged in the affidavit of Sherry Ramer, and uncontroverted elsewhere in the record, the plaintiff "had made many improvements on the farm since he bought it in 1975."

■■ The contention that plaintiff possessed no assignable interest in the farm after the notice of forfeiture is undermined by yet another factor. The Duncans had not, in accord with the terms of their demand for strict compliance, proceeded to retake possession of the premises under the Forceable Entry and Detainer Act (Ill. Rev. Stat.

1981, ch. 110,par. 9—101 *et seq.*) and, even had they done so, plaintiff would have been entitled to cure the default following a judgment for the Duncans. Section 9—110 of the Act allows the court to stay for 60 days the enforcement of a judgment for a seller in an action for breach of contract for the sale of real property, and requires the court to grant a stay of at least 60 days when, as in the instant case, the seller has granted previous extensions to pay installments under the contract. The court is directed to stay for 180 days judgment for a seller when, as appears to have been the situation in the instant case, the amount unpaid on the purchase contract is less than 75% of the original price. During such a stay, the buyer may cure the default and move to vacate the judgment for the seller. Thus, the argument that plaintiff, as a matter of law, possessed no assignable interest in the property following the notice of forfeiture is, to our mind, sophistic, when we consider that, first, there was no judgment of forfeiture entered prior to the transaction with defendant and, second, plaintiff's wife was ready and willing to exercise her statutory right and eradicate the effect of such a judgment had it in fact existed. Indeed, the more compelling implication would seem to be that an assignable interest should be presumed in the instant case, since there existed no judgment for possession and no running of the statutory period within which such a default could be cured. In any event, the record in the instant case does not adequately set forth the facts essential to a determination of plaintiff's standing. We therefore conclude that the circuit court erred in granting defendant's motion to dismiss under section 2—619(c). The judgment is reversed and the cause is remanded.

Reversed and remanded.

JONES and KASSERMAN, JJ., concur.