CLAUDE BAILEY, Plaintiff-Appellee, v. HERBERT L. HEDGEMAN, Defendant-Appellant.

Third District No. 3—86—0851

Opinion filed September 4, 1987.—Rehearing denied October 20, 1987.

Glenn F. Ruud, of Ruud & Scovil, of Rock Island, for appellant.

Scott Madson, Assistant State's Attorney, of Princeton, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Claude Bailey, filed a complaint in forcible entry and detainer to oust defendant, Herbert L. Hedgeman, a contract purchaser. The trial court entered an order on December 2, 1986, awarding plaintiff possession of the real estate, although staying enforcement of the order 30 days from November 26, 1986. Defendant appeals the order for two reasons: (1) that plaintiff's demand for possession was inadequate at law and (2) that the court improperly denied taking into consideration allegations of plaintiff's breach of contract as possible defenses. The relevant facts are as follows.

Plaintiff and defendant entered into a contract for the sale of real

estate on January 20, 1986. Other items of personal property were included in the contract, along with terms and conditions pursuant to the sale of such personal property.

Plaintiff testified that an initial contract payment was made in February of 1986, but that no other required payments had been received by him from the defendant; moreover, that on May 9, 1986, plaintiff notified defendant of his intention to declare a forfeiture followed by a declaration of forfeiture dated July 21, 1986. Subsequently plaintiff caused a demand for possession to be served upon the defendant by certified mail c/o The Sportsman Inn in Chicago, Illinois. Plaintiff admitted at trial that he did not know who the person was that signed the return receipt of the demand and did not know if that person was authorized to receive notices on behalf of defendant. He indicated, however, that the person who signed the return receipt had been introduced to him at one time as defendant's bookkeeper.

Plaintiff was questioned regarding his compliance with the purchase contract. He testified that he had not assigned all leases to defendant, including the lease agreement with Images Restaurant, which was the lessee of the motel that defendant purchased. Plaintiff also testified that an inventory and bill of sale were to be prepared and presented to the defendant under the contract; that the inventory had been delivered to defendant, but it did not include the serial numbers of the equipment sold. Similarly, no bill of sale had been delivered nor had plaintiff provided any tax records or depreciation schedules for the inventory transferred.

Chester O. Hale (Hale) testified on behalf of defendant. Hale was acting manager of the motel purchased by defendant and was familiar with the day-to-day operations of the business. Hale stated that problems had developed with the Images Restaurant lease and plaintiff, upon numerous requests, failed to execute an assignment of the Images lease to defendant. Moreover, Images subsequently vacated the property and took a substantial amount of restaurant equipment belonging to defendant, which could not be recovered because plaintiff's inventory failed to provide serial numbers and proper descriptions of the personal property transferred. Hale further testified that because defendant was unable to recover the lost inventory for lack of proof of ownership, the restaurant could not be immediately reopened and defendant suffered damages as a result.

Plaintiff objected to the testimony concerning the lease assignment and other contractual problems complained of by defendant. The court, upon reviewing the matter, sustained plaintiff's objection, holding that the contract did not require an assignment of the lease and

also that the other matters raised regarding plaintiff's performance under the contract did not go to the issue of possession of the real estate and, therefore, were not germane to the forcible entry action then pending. The trial court thus refused to consider any of defendant's claims.

Two issues are before this court: (1) whether plaintiff's demand for possession was adequate at law, and (2) whether the trial court properly refused to consider defendant's allegations of plaintiff's breach of contract as defenses to the action. We will consider the second issue first, as our decision on that issue will resolve any question regarding the sufficiency of plaintiff's demand for possession.

Regarding issue 2, plaintiff argues, as the trial court ruled, that the inventory and bill of sale were matters beyond any possessory right to the real estate and, therefore, not a proper subject for a forcible entry and detainer action.

■■ Plaintiff cites the Illinois Supreme Court cases of *Clore v. Fredman* (1974), 59 Ill. 2d 20, 319 N.E.2d 18, and *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833, for the proposition that the purpose of the rule excluding nongermane matters is to prevent collateral matters from being litigated in a possessory action. We agree with the proposition; however, we disagree with plaintiff as to whether the defenses alleged here are germane to the action.

Upon review of the case law, we believe that *Clore* is not dispositive of the issue at hand. In *Clore*, the court held that "in a forcible entry and detainer action an answer alleging such action was brought in retaliation for complaints by the tenant to governmental authorities is germane to the action and states a defense." (*Clore v. Fredman* (1974), 59 Ill. 2d 20, 27, 319 N.E.2d 18, 22.) *Clore*, however, does cite *Rosewood*, which is instructive.

In *Rosewood*, hundreds of contract buyers, upset over beliefs that they had been overcharged for their properties and that unfair advantage and discrimination had been practiced against them, sought modification and renegotiation of their contracts by discontinuing installment payments. "In so doing, they defaulted on their contract obligations and, by the terms of the contracts, exposed themselves to forfeiture of their contract rights and equities and to suits for possession." (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 252, 263 N.E.2d 833, 836.) The sellers then proceeded with forcible entry and detainer actions in the circuit court of Cook County, with all of the actions concluding in judgments for possession being entered. Whereupon, some 370 contract buyers filed a declaratory judgment action for a declaration that certain defenses which were being denied to

defendants in the actions for possession could be litigated. Included as defenses were "allegations that the contracts were unconscionable and unenforcible [sic]; that they were usurious; that they were extracted and induced by fraud; and that they were in violation of the civil and various constitutional rights of the defendants." (46 Ill. 2d 249, 255, 236 N.E.2d 833, 837.) The cases were dismissed and subsequently appealed. 46 Ill. 2d 249, 253, 236 N.E.2d 833, 836.

The court, after noting that the purpose of forcible entry and detainer actions is to restore possession to one who is entitled to the right of possession, stated:

> "Where as here, the right to possession a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, we believe it must necessarily follow that matters which go to the validity and enforcibility [sic] of that contract are germane, or relevant, to a determination of the right to possession. This is particularly true for two reasons. First, because a contract buyer becomes the equitable owner of the property upon execution of an installment contract, (Shay v. Penrose (1962), 25 Ill. 2d 447, 449, [185 N.E.2d 218]) and thus by such an action may be stripped of his equitable ownership as well as possession; second, the contract purchaser is faced not only with the loss of possession, but, unlike a tenant, trespasser or squatter, is likewise faced with the loss of the equity accumulated by payments made on the contract. Here, for example, the Fishers had paid approximately $10,000 toward satisfaction of their total contract obligations. On the other side of the coin, a contract seller claiming and seeking to enforce a claimed right of possession should not be permitted to prevail on the basis of such contract so long as its validity and enforcibility [sic] is questionable under the law. Should a contract purchaser not be permitted to defend upon the very contract upon which the seller relies, in our judgment the result could be, as argued, a direct denial of constitutional rights and an indirect denial of civil rights." Rosewood Corp. v. Fisher (1970), 46 Ill. 2d 249, 256-57, 263 N.E.2d 833, 838.

We believe the rationale of Rosewood applies here. Defendant has paid $7,900 towards the purchase price. He has equity in the property and ought to be allowed the opportunity to raise defenses based upon the very contract upon which plaintiff relies.

This court, in Amato v. Edmonds (1980), 87 Ill. App. 3d 68, 408 N.E.2d 1172, has also had the opportunity to discuss the issue presented. In Amato, the purchasers failed to make an installment pay-

ment on the purchase of a hotel. The seller subsequently filed a forcible entry and detainer action based upon breach of an installment contract, to which the purchaser filed an answer stating an affirmative defense and a five-count counterclaim. Summary judgment was awarded to plaintiff-seller by the trial court. This court, citing *Rosewood*, reversed stating that the defendant's counterclaims as to the pleadings on file raised a genuine issue of material fact regarding the validity of the contract. 87 Ill. App. 3d 68, 73, 408 N.E.2d 1172, 1176.

■ Plaintiff argues here that the alleged breach of contract regards solely personalty and has no effect on the right to possession of real estate. We disagree; the installment sales contract covered both the sale of personalty and real estate. A breach of the contract as to either type of property may be material to the validity of enforceability of the contract by plaintiff. Moreover, as stated in *Amato*, although the defendant's alleged defenses may result in rescission of the contract, rather than retention of possession, a "seller should not be permitted to recover possession through the provisions of a contract which was itself subject to challenge upon equitable grounds." (*Amato v. Edmonds* (1980), 87 Ill. App. 3d 68, 72, 408 N.E.2d 1172, 1176, quoting *Marine Bank Associates v. Johnson* (1971), 1 Ill. App. 3d 464, 470, 274 N.E.2d 645, 649 (Trapp, J., dissenting).) We believe that same rationale could apply to any offset for damages sustained by defendant due to plaintiff's breach of contract.

■ Plaintiff further argues the validity of the alleged defenses under the terms of the contract. We believe any such argument is premature. We are not passing judgment as to whether plaintiff's alleged breach of contract affects the validity or enforceability of his right to possession under the contract. We are merely holding that the trial court improperly ruled that the matters raised regarding plaintiff's performance were not germane to the forcible entry and detainer action then pending. "[T]he right of *** purchasers to be heard on relevant matters, *** as well as the desirable purpose of preventing a multiplicity of suits, is, and must be, superior to the desire to provide a speedy remedy for possession." *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 258, 263 N.E.2d 833, 839.

Accordingly, the decision of the trial court is reversed and the cause remanded for further hearing consistent with this opinion.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.