**In re Johnnie B. JONES, and Virginia L. Jones, Debtors.**

**Bankruptcy No. 89 B 2755.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 12, 1989.

Ronald Cummings, Chicago, Ill., for petitioner.

E. Paul Rusin, Chicago, Ill., for respondent.

**MEMORANDUM OPINION**

ERWIN I. KATZ, Bankruptcy Judge.

Upon further consideration of the Motion of Fidelity Financial Services, Inc. ("Creditor") to Modify the Automatic Stay provided by Bankruptcy Code Section 362(a) with respect to property located at 1211 W. 71 St., Chicago, IL 60636, in which Johnnie B. Jones and Virginia L. Jones ("Debtors") have asserted an interest, and upon a hearing held on this matter at 11:30 A.M. on May 11, 1989, this Court hereby grants Creditor's Motion.

Creditor and Debtors entered into a Real Estate Sales Contract and Agreement for Warranty Deed on April 10, 1987, with respect to the premises described above. On January 6, 1989, Creditor served Debtors with a Declaration of Forfeiture and Demand for Possession. Subsequently thereto, Debtors filed their instant bankruptcy petition.

In Illinois, "[w]here a contract for the purchase of land provides that the vendor may declare a forfeiture in case of nonpayment of the purchase money, a declaration of forfeiture after such default will put an end to the interest of the purchaser...." *Brown v. Jurczak*, 397 Ill. 532, 540, 74 N.E.2d 821, 825 (1947); *Lanski v. Chicago Title & Trust Co.*, 324 Ill. 367, 374, 155 N.E. 296, 299 (1927). "Any equitable interest which the [Debtors] may have acquired by virtue of equitable conversion, however, was extinguished when [Creditor] declared a forfeiture in accordance with the terms of the contract." *Illinois Fair Plan Assoc. v. Astirs, Inc.*, 89 Ill.App.3d 422, 44 Ill.Dec. 684, 687, 411 N.E.2d 1050, 1053 (1st Dist. 3d Div.1980).

Debtors cite Illinois Revised Statutes, Ch. 110, par. 9–110 to the effect that a court may stay the enforcement of a judgment for possession entered in favor of a contract seller against the contract purchaser. This Court agrees with Creditor that that provision does not, of itself, operate to revive Debtors' interest in the subject of the purchase contract after it has terminated. Furthermore, the last paragraph of that section provides: "Nothing herein contained shall be construed as af-

fecting the right of a seller of such premises to any lawful remedy or relief other than that provided by Part 1 of Article IX of this Act."

Debtors' case citations are not on point. *In Re Josephs*, 93 B.R. 151 (N.D.Ill.1988) dealt with mortgage foreclosures. *In Re McNair*, 90 B.R. 912, B.L.R. (C.C.H. par. 72, 457 1988) dealt with stock in a condominium association, treating it as personal property. *In Re Bertelsen*, 65 B.R. 654 (Bankr.C.D.Ill.1986) and *In Re Booth*, 19 B.R. 53 (Bankr.D.Utah 1982), although dealing with contract purchases of land, did not involve a Declaration of Forfeiture as is present in this case.

This Court agrees with Creditor that Illinois Revised Statutes, Ch. 110, par. 9–110 requires only that Creditor come into this Court for relief from the stay. This Court hereby grants that relief.