**In re Althea Gwendolyn LAYTON, Debtor.**

**Bankruptcy No. 92 B 00929.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 17, 1992.

Carrie E. Hewitt, Calumet City, Ill., for Althea Gwendolyn Layton, debtor.

Craig Phelps, Chicago, Ill., Chapter 13 Trustee.

Stanley W. Papuga, Catherine L. Delano, Kropik, Papuga & Shaw, Chicago, Ill., for the Dept. of Veterans Affairs.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion to dismiss or to modify the automatic stay, filed by the Department of Veterans Affairs ("VA"), and an objection there-

to by the debtor. For the reasons set forth herein, the Court, having considered the pleadings filed and the arguments of counsel, does hereby allow the motion to modify the automatic stay as to the subject real property pursuant to 11 U.S.C. § 362(d). Dismissal of the case at this stage is premature and is hereby denied.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O).

### II. FACTS AND BACKGROUND

The underlying material facts are not in dispute. On November 3, 1986, VA as seller, and the Debtor and her husband as buyers, entered into an installment contract (hereinafter referred to as the "Contract") for the sale of real estate commonly described as 531 West 16th Place, Chicago Heights, Illinois. The agreed sale price was $52,896.83, with a $3,096.83 down payment and the balance of $49,800.00 plus interest at 9.5% per annum to be paid in 360 equal monthly installments beginning December 1, 1986, and continuing each month thereafter until November 1, 2016. The Contract contained additional covenants and obligations on behalf of the buyers to pay real estate taxes, special assessments, insurance and certain other charges, and to maintain the premises.

Paragraph 15 of the Contract provides that time is of the essence, and upon various defaults under the terms thereof, at VA's option, the unpaid balance due and payable can be accelerated and VA may: (1) terminate by simple declaration all of the buyers' rights under the Contract, and all of the buyers' rights, title and interest in the property; (2) terminate such rights in any appropriate proceeding; or (3) seek specific performance in any appropriate proceeding. Paragraph 17 of the Contract further provides that upon VA's exercise of its right of termination as provided in para-

graph 15, all rights and interests created under the Contract and then existing in the buyers, and all claiming under the buyers, shall wholly cease and determine.

The Debtor's spouse previously filed a Chapter 13 petition in another case in which the automatic stay was modified as to the property on grounds of a material default under the Contract. Thereafter, on June 10, 1991, VA sent both the Debtor and her spouse a final notice to comply with the Contract, as well as a demand for payment. On July 18, 1991, VA issued and sent its declaration of forfeiture to them declaring the Contract to be forfeited and terminated for failure to make the payments in accordance with the terms of same. Both the June notice and July declaration of forfeiture incorrectly referenced the date of the Contract to be November 3, 1989.

Subsequent thereto, VA filed a forcible entry and detainer action in the Circuit Court of Cook County, Illinois against the Debtor and her husband to obtain possession of the property. That suit was stayed by the Debtor filing the instant Chapter 13 petition and plan on January 15, 1992. The Debtor admits that she and her husband are approximately $10,456.00 in arrears on the installment payments owed under the Contract. Under her plan, she proposes biweekly payments of $232.00 in an attempt to cure such pre-petition arrearage within twenty-four months.

VA asserts that the interests of the Debtor and her husband were properly terminated pre-petition and that the Chapter 13 plan cannot revive or reinstate the forfeited Contract. The Debtor contends that because she was not evicted from the premises, she can decelerate the arrearage and reinstate the Contract, and thus save the property through her Chapter 13 plan. The Debtor also contends that the Contract is a security device similar to a mortgage, and procedural due process mandates a final court determination before a valid forfeiture can occur.

## III. DISCUSSION

Illinois law controls because the property is located in Illinois, the underlying Contract was made, executed, and to be performed in Illinois, and the parties were, and the Debtor still is a resident of Illinois. Bankruptcy courts normally look to state substantive law to determine the nature of and interests in property, subject to administration in accord with the Bankruptcy Code and Rules. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *In re Brass Kettle Restaurant, Inc.*, 790 F.2d 574, 575 (7th Cir.1986).

Although not expressly cited by the parties, a relevant Bankruptcy Code section is 1322(b)(5), which provides that a debtor's Chapter 13 plan can "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). If, as VA contends, the Contract was validly terminated pre-petition, there is nothing left for the Debtor to save under section 1322(b)(5) because the Debtor's equitable interest in the property has been forfeited and the Contract cannot be revived. On the other hand, if there was no effective pre-petition termination and forfeiture of the Debtor's equitable rights as a purchaser, then the Debtor can utilize the deceleration provision of section 1322(b)(5) to cure the admitted default and save the property. Although the legislative history to section 1322(b)(5) expressly references mortgage debt, it also applies to other long-term obligations. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 429 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

The Debtor principally relies on *In re Streets and Beard Farm Partnership*, 882 F.2d 233 (7th Cir.1989). The Debtor argues that it was decided three months following *In re Jones*, 99 B.R. 877 (Bankr.N.D.Ill. 1989), and thus, undermines *Jones*, which is the principal authority relied upon by VA. *Streets and Beard* settled the split of authority among the Illinois bankruptcy courts on the issue of whether an installment land sales contract (sometimes referred to as a "contract for deed") is an executory contract for purposes of 11

U.S.C. § 365, or whether it is more in the nature of an executed security agreement where one side has substantially performed. Applying the doctrine of equitable conversion, and noting that in such agreements the seller retains mere legal title solely as security for the buyer paying the balance of the purchase price, the Seventh Circuit held that for Bankruptcy Code purposes, such agreements were not executory contracts with significant unperformed obligations remaining on both sides of the agreement. Consequently, the Debtor's reliance on *Streets and Beard* is misplaced and that holding is inapposite. The decision did not involve any issues relating to the claimed forfeiture of a contract buyer's rights through a pre-petition declaration of forfeiture. By contrast, *Jones* merely followed longstanding Illinois law which holds that a contract seller's declaration of forfeiture after default terminates the equitable interest of the purchaser under the contract. *See Brown v. Jurczak*, 397 Ill. 532, 540, 74 N.E.2d 821, 825 (1947); *Lanski v. Chicago Title & Trust Co.*, 324 Ill. 367, 374, 155 N.E. 296, 299 (1927); *Illinois Fair Plan Asso. v. Astirs, Inc.*, 89 Ill.App.3d 422, 425, 44 Ill.Dec. 684, 411 N.E.2d 1050, 1053 (1st Dist.1980).

Although the Debtor is correct that under *Streets and Beard*, Illinois installment contracts for the sale of real estate are treated as "executed" security agreements as opposed to executory contracts, such characterization does not resolve the question of whether there was a valid pre-petition forfeiture of the instant Contract. Thus, resort to Illinois law on forfeiture of installment land sales contracts is necessary. *See generally* 35 *Illinois Law & Practice*, Vendor and Purchaser, §§ 63–70 (1958 and 1991 Supp.).

■ A provision in a contract for the sale of real property reserving to either party the right to avoid the contract is valid and will be given effect in accordance with the intention of the parties as shown by the entire agreement. *Sessa v. Olson*, 350 Ill. App. 588, 113 N.E.2d 190 (1st Dist.1953). The right of a contract seller to forfeit the contract must be shown clearly and unequivocally, and the seller may declare a forfeiture for grounds specified in the contract. *Kingsley v. Roeder*, 2 Ill.2d 131, 117 N.E.2d 82 (1954) (wrong address on notice of forfeiture is fatal if seller knows of correct address); *Hartman v. Hartman*, 11 Ill.App.3d 524, 297 N.E.2d 199 (1st Dist. 1973). When a party to an installment real estate contract attempts to declare a forfeiture, the proper method is to follow the provisions in the contract. *Bocchetta v. McCourt*, 115 Ill.App.3d 297, 300, 71 Ill. Dec. 219, 221, 450 N.E.2d 907, 909 (1st Dist.1983). Generally, a mere default *ipso facto* does not operate as a forfeiture unless a notice or some positive act by the seller shows the intent to forfeit. *Brown v. Jurczak*, 397 Ill. 532, 74 N.E.2d 821 (1947); *Kelly v. Germania Sav. & Loan Asso.*, 28 Ill.2d 591, 595, 192 N.E.2d 813, 816 (1963); *Lovins v. Kelley*, 19 Ill.2d 25, 28, 166 N.E.2d 69, 71 (1960); *Miles Homes, Inc. v. Mintjal*, 17 Ill.App.3d 642, 646, 307 N.E.2d 724, 728 (4th Dist.1974). There are some circumstances, however, where no notice is required, as where the contract declares in unequivocal terms that failure to make payments at the time agreed should *ipso facto* work a forfeiture of the contract. *Boardman v. Bubert*, 325 Ill. 38, 155 N.E. 784 (1927). Notice of intent to forfeit by the seller should be clear, unambiguous and convey an unquestionable purpose to forfeit the contract. *Brown v. Jurczak*, 397 Ill. 532, 74 N.E.2d 821 (1947); *Tolbird v. Howard*, 101 Ill.App.2d 236, 241, 242 N.E.2d 468, 471 (4th Dist.1968), *aff'd in part and rev'd in part on other grounds*, 43 Ill.2d 357, 253 N.E.2d 444 (1969). The fact that payments demanded in a notice of forfeiture of a contract for deed were allegedly incorrect did not invalidate the forfeiture where the buyer made no attempt to tender any payment. *Hadie v. Erlandson*, 41 Ill.App.2d 328, 190 N.E.2d 848 (2d Dist.1963).

■ Generally, in the absence of fraud, a buyer against whom the seller has exercised his right to forfeit the contract for default cannot have the forfeiture set aside. *McDonald v. Bartlett*, 324 Ill. 549, 559, 155 N.E. 477, 481 (1927). If the seller has properly declared a forfeiture for

breach or default on the part of the buyer, any subsequent performance or offer to perform by the buyer, however strictly in compliance with the terms and conditions of the contract, is of no avail and cannot avoid the forfeiture. *Kingsley v. Roeder,* 2 Ill.2d 131, 117 N.E.2d 82 (1954). Because equity abhors a forfeiture, however, a court of chancery may exercise its equitable discretion and relieve a purchaser from forfeiture due to a default or delay in payment of the purchase price. *Rose v. Dolejs,* 1 Ill.2d 280, 289–290, 116 N.E.2d 402, 409 (1953).

■ On the undisputed facts of this matter, it is significant that the Debtor's only challenge to the adequacy of notice and declaration of forfeiture relates to the year of the Contract. The attorneys for both parties stipulated to such a typing and proofreading scrivener's error on those instruments. Such incorrect reference in the notice and subsequent declaration of forfeiture is not fatal to their adequacy or effect. The notice and declaration correctly referred to the buyers by name, the common property description, and the loan number, as well as the claimed balance due. Accordingly, pursuant to the cited authorities, the Contract was terminated and the Debtor's equitable interest in the property properly forfeited almost six months pre-petition.

■ The Debtor argues that there must be a final court determination before a valid forfeiture can occur. The Court disagrees because the unequivocal and clear terms of the Contract do not require same as a condition precedent to an effective termination and forfeiture. Rather, at VA's option, it could choose one of three alternate remedies to pursue. VA exercised its first option when it elected to make its own declaration and determination of forfeiture in substantial conformance with the terms of the Contract.

The Debtor cites several Illinois decisions in support of her arguments, all of which are distinguishable from the facts of this case and not controlling. First, she cites *Ramer v. Storment,* 119 Ill.App.3d 79, 74 Ill.Dec. 896, 456 N.E.2d 617 (5th Dist.1983)

for the proposition that a court will enforce a forfeiture only where the right is clear and unequivocal and no unjust results will occur. *Ramer* is inapplicable because the court there was concerned with balancing the equities between a contract buyer's prior defaults and possible waiver thereof by the seller. The trial court's decision was reversed and remanded because a material issue of disputed fact precluded proper granting of a motion to dismiss where the issues of standing and the interest in title were challenged, unlike the facts in the case at bar which are undisputed.

The Debtor additionally cites *Bailey v. Hedgeman,* 160 Ill.App.3d 402, 112 Ill.Dec. 384, 513 N.E.2d 993 (3d Dist.1987) for the proposition that a contract buyer ought to be allowed to raise defenses. *Bailey* involved a forcible entry and detainer action wherein the validity and enforceability of the underlying contract was challenged. The Debtor argues that the difference in the date referenced in the Contract and in the notice and declaration of forfeiture precludes VA from properly terminating the Contract. The Court does not agree that this is a valid defense. The precise date of execution of the Contract is not critical or outcome determinative for purposes of a notice and declaration of forfeiture under the Contract's terms.

The last case cited by the Debtor is *Rosewood Corp. v. Fisher,* 46 Ill.2d 249, 263 N.E.2d 833 (1970). There the Illinois Supreme Court noted that a contract seller should not be permitted to prevail in an action involving a contract for deed so long as its validity and enforceability are questionable under the law. The court stated: "[w]e believe that contract buyers may plead equitable defenses and be given equitable relief if it is established that the contracts are *unconscionable* or *in violation of civil rights* as here contended." 46 Ill.2d at 257, 263 N.E.2d at 838. (emphasis added). *Rosewood* is not controlling or dispositive because there is no contention by the Debtor that the Contract is either unconscionable or was entered into in violation of her civil rights. The provisions of paragraph 15 and 17 of the Contract are

clear and unequivocal. VA properly declared the Contract forfeited and terminated in accordance with its terms, and was not required to first seek a court determination to that effect before same became effective.

■ The result here involving a contract for deed relationship between a debtor and a creditor is analogous to and consistent with the results in other bankruptcy reorganization cases decided in this district wherein other debtors have had less than a full fee simple title to the underlying real property. The leading Chapter 11 decision dealing with the rights of debtor-tenants under leases of real property is *In re Maxwell*, 40 B.R. 231 (N.D.Ill.1984), which held that where a tenant's leasehold interest under Illinois law had been properly terminated pre-petition, there was no remaining unexpired lease to assume post-petition under section 365 and save through a reorganization proceeding. Although the Debtor correctly contends *Maxwell* is not controlling and argues that a contract purchaser has a greater "bundle of sticks" than a mere tenant, the same principle applied in *Maxwell* mandates the result here: if the Debtor's rights in the property have been validly terminated prior to bankruptcy, there is nothing left post-petition to reinstate or revive.

Similarly, a defaulting mortgagor's equitable interest and redemption rights under a foreclosed mortgage that has proceeded to sale under the Illinois mortgage foreclosure law, has been held to terminate a mortgagor's equity of redemption which cannot be reinstated through a Chapter 13 reorganization. *See In re Josephs*, 93 B.R. 151 (N.D.Ill.1988). The result reached here, which follows *Jones*, logically compliments *Maxwell* and *Josephs:* that property interest of a debtor which has been properly terminated pre-petition, cannot be resuscitated post-petition. After filing bankruptcy, the Debtor retains a bare possessory interest in the premises which she has continued to occupy through these proceedings, via the effective benefits of the automatic stay.

■ Thus, the only remaining issues are those under section 362(d) pursuant to *In re Vitreous Steel Products Co.*, 911 F.2d 1223 (7th Cir.1990). The critical issues on stay modification requests are adequacy of protection, equity in the property, and necessity to an effective reorganization. Under section 362(g)(1), the only issue on which VA has the burden of proof is the Debtor's equity in the property. From the foregoing facts and law, it is clear that the Debtor has no remaining equity in the property. Consequently, VA has met its burden of proof. Under section 362(g)(2), the Debtor, being the party opposing the stay relief, has the burden of proof on all other issues. Because she has no remaining equitable interest in the property, other than a bare possessory interest, and VA properly declared its forfeiture approximately six months before this Chapter 13 petition was filed, cause has been shown to modify the automatic stay pursuant to section 362(d)(1).

The Debtor can attempt to deal with her other creditors in the context of this Chapter 13 case through an amended plan, if she so chooses. Dismissal at this stage of the case is premature and hence is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court allows VA's motion to modify the automatic stay as against the subject real property. The Debtor's objection thereto is overruled. Dismissal of the case is denied.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.